259 So.2d 198 (1972)
Leon Evan JONES et al., Appellants,
v.
Nan Gay DENMARK and John A. Denmark, Her Husband, and Carol A. Eshleman, Appellees.
No. 71-1183.
District Court of Appeal of Florida, Third District.
March 14, 1972.
*199 Sherouse & Virgin, Miami, for appellants.
William J. Pruitt, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
CARROLL, Judge.
This is an interlocutory appeal by the defendants below, who were non-residents, from an order denying their motion which challenged jurisdiction over them for procedural failures incident to substituted service upon them.
By their complaint the plaintiffs sought damages for personal injuries and property damage, allegedly caused by the defendant Leon Evan Jones while driving an automobile owned by him and the defendant Randall R. Keeth. The automobile accident occurred in Gainesville, in Alachua County. Two of the plaintiffs, Nan Gay Denmark and John A. Denmark were residents of Levy County. The plaintiff Carol A. Eshleman was a resident of Dade County.
The record of the proceedings, as revealed by the appendix filed by the appellants, shows that upon the institution of the action substituted service was attempted upon the said nonresident defendants, as authorized under §§ 48.171 and 48.161 Fla. Stat., F.S.A. Said defendants filed a pleading entitled "motion to dismiss and motion to transfer." The motion contained two grounds. The first was that the court was without jurisdiction over the person of the defendants "due to insufficiency of process and insufficiency of service of process." The second ground of the motion was for transfer of the cause to Alachua County because "the accident in this case occurred in that jurisdiction and it is the most appropriate circuit court for the pendency of this suit."
Without ruling on the merits of the challenge to the substituted service, or on the motion to transfer, and although the defendants' motion had not included a challenge of the sufficiency of the complaint to state a cause of action, the trial court entered an order granting the motion to dismiss, with leave to the plaintiffs to amend the complaint.
The plaintiffs filed an amended complaint, to which the said defendants *200 again filed a motion to dismiss on the same two grounds only. That motion was denied by the order appealed from, in which the court held "defendants' motion constitutes a general appearance, giving this court jurisdiction of the parties and subject matter."[1] Also therein, the court denied the motion to transfer.
The motions filed by the defendants presented questions to be determined by the trial court regarding the form of the summonses which were issued and as to whether there was compliance with the procedure outlined in § 48.161 Fla. Stat., F.S.A. for effecting the substituted service that was undertaken. Wm. E. Strasser Construction Corp. v. Linn, Fla. 1957, 97 So.2d 458; Conway v. Spence, Fla.App. 1960, 119 So.2d 426. The trial court does not appear to have passed on the merits of those matters, having held, instead, that the defendants' challenge of the jurisdiction of the person was waived by the inclusion in their motion of a contention relating to venue. The latter ruling of the trial court was error.
Rule 1.140 FRCP, 30 F.S.A., in subparagraph "b" provides for every defense in law or fact to be asserted in "the responsive pleading," but with the stated exception that certain defenses which are listed there may be made by motion. Seven types of defenses are so listed there, including "(2) lack of jurisdiction over the person, (3) improper venue." As noted above, the motion filed in this case was restricted to the assertion of those two defenses. Further, in the same subsection of Rule 1.140 it is provided: "No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." Therefore, the inclusion in the defendants' motion of a contention as to "improper venue" did not, according to that rule, operate to waive the other defense claimed in the motion of "lack of jurisdiction over the person."
We find no error in the ruling of the trial court denying the ground of the motion which was for transfer of the cause to Alachua County. That matter was one resting in the discretion of the court. We find error in the ruling of the trial court that the inclusion of the venue ground in the motion operated to waive the challenge of jurisdiction over the person. The order appealed from is affirmed in part and reversed in part, as indicated above, and the cause is remanded for further proceedings.
NOTES
[1] The motion was titled as a motion to dismiss, but neither of the two grounds stated therein called for dismissal. One ground sought transfer of the case, as a pending cause, to another judicial circuit. The other ground, claiming want of jurisdiction over the person for insufficient service, if sustained, would not be basis for dismissal of the action, but would prompt an order quashing the service or process. In such event the cause would remain filed and pending, with the plaintiffs free to proceed anew to obtain service upon the nonresident defendants, if that could be done. However, the character of a motion will depend upon its grounds or contents, and not on its title.