276 So.2d 189 (1973)
CONDOTEL BAHAMAS, LTD., Appellant,
v.
LEAVELL BAHAMAS, LTD., Appellee.
No. 72-302.
District Court of Appeal of Florida, Fourth District.
April 9, 1973.
Rehearing Denied May 7, 1973.
*190 Fred R. Bland, of Buckley & Bland, Fort Lauderdale, for appellant.
H. Jack Klingensmith, of Kuvin Klingensmith & Coon, Coconut Grove, for appellee.
MAGER, Judge.
After reviewing the briefs and record on appeal and having heard oral argument we are of the opinion that that portion of the final judgment quashing the service of process should be affirmed.
The nature of the instant action and proceeding is not one that falls within the provisions of F.S., Section 49.011, F.S.A., sanctioning constructive service of process, but rather is governed by the provisions of Chapter 48, Florida Statutes, F.S.A. Service of process was therefore defective. Marine Transport Lines, Inc. v. Green, Fla.App. 1959, 114 So.2d 710; Jones v. Denmark, Fla.App. 1972, 259 So.2d 198. See also 5 Wright and Miller, Federal Practice & Procedure, Section 1354 (1969).
However, such ruling would not serve as a predicate upon which to base a dismissal of the complaint nor would it constitute an adjudication of the merits of the claim;[1] nor do we feel for the reasons hereinafter discussed, that the subject matter is beyond the jurisdiction of the court. A consideration of the totality of the circumstances surrounding the transaction between the parties suggests that the Florida Arbitration Code is not applicable. See F.S., Sections 682.02 and 682.18(1), F.S.A. The parties to this action are companies registered in the Bahamas; the subject matter of the contract is situated in the Bahamas; the contract was entered into in the Bahamas and was to be performed in the Bahamas; and the contract provides that it shall be governed by the law of the place where the project is located.
However, the inapplicability of the provisions of the Florida Arbitration Code does not oust the jurisdiction of the trial court to consider under certain circumstances the setting aside of an arbitration award (assuming that the parties are properly within the jurisdiction of the tribunal). Johnson v. Wells, 1916, 72 Fla. 290, 73 So. 188; see also Fenster v. Makovsky, Fla. 1953, 67 So.2d 427; Pacific Mills v. Hillman Garment, Fla. 1956, 87 So.2d 599; Frank J. Rooney, Inc. v. Charles W. Ackerman of Fla., Fla.App. 1969, 219 So.2d 110; Glens Falls Ins. Co. v. Gulf Breeze Cottages, Fla. 1949, 38 So.2d 828; Vol. 6 U. of Fla.L.Rev. pp. 157-193.
Accordingly, the final judgment is affirmed, in part, and reversed, in part, for *191 the reasons and to the extent as hereinabove set forth.
Affirmed, in part; reversed, in part.
WALDEN and CROSS, JJ., concur.
NOTES
[1] The language appearing in the final order to the effect that the complaint was "dismissed with prejudice" and that the "plaintiff shall take nothing by this action and the defendant shall go hence without a day" suggests an adjudication on the merits which we feel is premature and inconsistent with the order quashing the service of process. Although the complaint may remain pending all the parties are not before the court for the purpose of an adjudication on the merits.