302 So.2d 198 (1974)
HENSCHEL-STEINAU COMPANY, etc., Appellant,
v.
HARRY SCHORR, INC., d/b/a Central T.V. Sales & Service and Garden State Mounting & Finishing Company, Appellees.
No. 74-327.
District Court of Appeal of Florida, Fourth District.
October 25, 1974.
*199 Timothy Carl Blake and Stephens, Magill, Thornton & Sevier, P.A., Miami, for appellant.
Ben J. Weaver, Jr., and Druck, Grimmett, Norman & Weaver, Fort Lauderdale, for appellee-Harry Schorr, Inc.
William S. Gardella of Walton, Lantaff, Schroeder, Carson & Wahl, Fort Lauderdale, for appellee-Garden State.
PER CURIAM.
Upon consideration of the record and briefs[1] and after having heard oral argument by Henschel-Steinau Company, appellant[2] (defendant and third-party defendant below) the court is of the opinion that the trial court erred in failing to dismiss the amended third-party complaint and amended complaint as to appellant Henschel. The pleadings filed by the appellees (third-party plaintiffs and plaintiffs below) failed to allege sufficient jurisdictional facts to bring the appellees within the provisions of Florida's long-arm statute, sections 48.181 and 48.182, F.S. In order to determine the applicability of the long-arm statute a party must allege in his complaint (and prove) all requisite jurisdictional facts which have a bearing on the applicability of the specific provision involved.[3] O'Connell v. Loach, Fla.App. 1967, 203 So.2d 350. See also Gordon v. John Deere Company, Fla. 1972, 264 So.2d 419; Annotation: Products Liability: In Personam Jurisdiction Over Nonresident Manufacturer or Seller Under "Long-Arm" Statutes, 19 A.L.R.3d 13.
Accordingly, the order denying Henschel-Steinau's motions to quash and dismiss is vacated and the cause remanded to the trial court with the respectful direction to enter an order dismissing the amended complaint and the third-party complaint as to appellant Henschel-Steinau with leave given to appellees to amend as deemed appropriate.
Reversed and remanded.
WALDEN and MAGER, JJ., and TURNER, WILLIAM ROGERS, Associate Judge, concur.
NOTES
[1] The reply brief of the appellant filed on the day of oral argument has not been considered by the court. See Rule 3.7, subd. c, F.A.R.
[2] Appellees heretofore filed a formal waiver of oral argument.
[3] For example, the allegations are lacking as to the nature and date of appellees' "wrongful conduct" or the nature of appellees' transactions so as to ascertain the applicability of and compliance with Sections 48.181 or 48.182, F.S.