333 So.2d 517 (1976)
PARLIAMENT LIFE INSURANCE COMPANY, Appellant (Defendant),
v.
EGLIN NATIONAL BANK, Appellee (Plaintiff).
No. X-154.
District Court of Appeal of Florida, First District.
June 23, 1976.
Frank C. Bozeman of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Pensacola, for appellant.
Walter J. Smith of Smith, Grimsley, Barron & Remington, Fort Walton Beach, for appellee.
MILLS, Judge.
Parliament Life Insurance Company appeals from a final judgment entered in favor of Eglin National Bank following a nonjury trial in a suit brought by Eglin in which it sought the surrender or cash in of an annuity insurance policy issued by Parliament to E.N. Davis, and given by Davis to Eglin as collateral for a loan.
Although Parliament has raised several issues, the issue which is determinative of this appeal is whether the trial court acquired jurisdiction over the person of Parliament.
Eglin made a $20,000.00 loan to Davis on a promissory note. As collateral for the loan, Davis gave Eglin an annuity insurance policy issued by Parliament. The policy was purchased by Davis at Parliament's *518 home office in Allentown, Pennsylvania.
At the time the policy was issued, Davis was a resident of Florida. Parliament was not doing business in Florida and had never done business in Florida. Parliament has no employees or agents in any state except Pennsylvania. The only contact it has with Florida is to receive premiums mailed to it by insureds who originally lived in Pennsylvania when they bought their policies, and then moved to Florida.
Davis defaulted on the promissory note, and Parliament refused to permit the policy to be surrendered or cashed in. Eglin brought suit. Service of process was obtained on Parliament under Section 626.907, Florida Statutes. Parliament moved to dismiss the action for lack of jurisdiction over the person, and moved to quash the service of process. Both motions were denied.
Section 626.906, Florida Statutes, provides that:
"Any of the following acts in this state, ... by an unauthorized foreign or alien insurer ... shall constitute an appointment by such insurer of the insurance commissioner and treasurer, ... to be its... attorney, upon whom may be served all lawful process in any action, suit, or proceeding instituted by or on behalf of an insured or beneficiary, arising out of any such contract of insurance; and any such act shall be signification of the insurer's agreement that such service of process is of the same legal force and validity as personal service of process in this state upon such insurer:
"(1) The issuance or delivery of contracts of insurance to residents of this state ..."
Section 626.906, Florida Statutes, does not require that the insurance company conduct extensive business in Florida. It does require that certain acts in this State must be committed before the insurer is subject to the jurisdiction of the Florida courts. One such act is the issuance or delivery of contracts of insurance to residents of this State. In this case, the issuance and delivery of the contract of insurance occurred in Pennsylvania. The act of issuance and delivery did not occur in this State as required by the statute. The fact that Davis was a resident of Florida is not sufficient, standing alone, to bring Parliament within the purview of the statute.
In Parmalee v. Iowa State Traveling Men's Association, 206 F.2d 518 (5th Cir.1953), Section 625.30, Florida Statutes, now Section 626.906, Florida Statutes, was construed as follows:
"It cannot be disputed that Florida has the power, within constitutional bounds, to prescribe the terms upon which insurance may be placed and kept in force upon its residents. * * * It seems clear, however, that as to policies held by residents of the state which are issued and delivered to them in the state by insurers not authorized to do business there, the Legislature in the exercise of its power to protect such residents, established and defined, for the purpose of the statute, what constitutes doing business in the state. We construe the legislation to apply only to policies of insurance delivered in Florida to Florida residents."
The judgment is reversed.
McCORD, Acting C.J., and SMITH, J., concur.