353 So.2d 961 (1978)
Chester O. DRAKE and Beacon Mutual Indemnity Company, a Foreign Corporation, Appellants,
v.
Rosemarie SCHARLAU and Karen Scharlau, Appellees.
No. 77-895.
District Court of Appeal of Florida, Second District.
January 13, 1978.
*963 Charles P. Schropp of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellants.
B. Lee Elam, Brandon, for appellees.
RYDER, Judge.
Appellants/defendants challenge by way of this interlocutory appeal an order determining that appellees/plaintiffs have obtained jurisdiction over the persons of appellants. We reverse.
Appellees filed a personal injury action alleging that appellant Drake negligently operated his motor vehicle so that it struck a vehicle owned by appellee Rosemary Scharlau and driven by appellee Karen Scharlau in Zephyrhills, Florida on June 30, 1975. The complaint also alleged that appellant Beacon Mutual Indemnity Company [hereinafter "Beacon"] had issued an automobile liability insurance policy to appellant Drake and, further, that at all times pertinent herein Beacon was engaged in the automobile liability insurance business in the State of Ohio. The complaint made no allegations as to the residence of Drake.
Appellees unsuccessfully attempted personal service on appellant Drake by the Sheriff of Pasco County in late June 1976. Appellees then attempted substituted service of process on Drake by serving the Secretary of State under Section 48.171, Florida Statutes (1975) and on Beacon by serving the Insurance Commissioner under Section 626.907(1), Florida Statutes (1975).[1]
Appellants then moved to quash process and service of process. On December 6, 1976 an order was entered granting these motions.
Thereafter, appellees again tried to effect substituted service of their original complaint, without any amendment, on appellants Drake and Beacon. Appellants again "specially appeared" and moved to quash process and service of process. Drake's motion summarily alleged that the process and service thereof were insufficient as a matter of law. Beacon's motion averred that it is an Ohio corporation not authorized to do, and not doing, business in Florida; that the policy allegedly issued to Drake was written in Ohio for a resident of Ohio and was issued and delivered in Ohio; and that appellees' complaint contained no allegations of any kind connecting Beacon with Florida. Attached to Beacon's motion to quash was a supporting affidavit of one Metzger, claim representative of Beacon, declaring that Beacon is an Ohio corporation that does not do Business in Florida; that Beacon did not issue or deliver any policy of insurance to Drake in the State of Florida; and that Beacon has no contacts with the State of Florida.
*964 Thereafter, appellees filed a motion seeking an order determining that they had obtained jurisdiction over appellants. Hearing was had on this motion and on March 25, 1977 an order was entered ordering appellees to file an amended complaint alleging that at the time of the accident appellant Drake was a resident of Florida. The order further provided, "This allegation is necessary in order to obtain jurisdiction by substituted service under the Florida Statutes. Plaintiff will not be required to perfect service by mailing either to the Secretary of State or to defendant, Beacon Mutual Indemnity Company, because compliance with the substituted service statute has already been accomplished." The order further declared that a copy of the amended complaint should be served on the attorney for appellants.
Appellees subsequently filed an amended complaint which differed from their original complaint only in that it alleged that appellant Drake was a resident of the State of Florida at the time of the accident and that appellant Beacon was engaged in the automobile liability insurance business in the State of Florida at all times pertinent herein. The amended complaint was not served by personal or substituted service on either appellant, but was merely hand delivered to the attorney of record for appellants.
Thereafter, appellants filed a motion to clarify or correct the order dated March 25, 1977, along with a supporting affidavit of their attorney of record stating that he was not authorized to accept service of process on either appellant.[2]
Appellants' motion was heard, and an amended order dated May 4, 1977 resulted. The amended order incorporated the above-mentioned order of March 25, 1977; denied Beacon's motion to quash process and service of process [no express denial of Drake's similar motion was made]; granted appellees' motion to determine that they had obtained jurisdiction over appellants; and ordered appellants to answer within twenty days. This interlocutory appeal ensued.
To support substituted service of process on a defendant, the complaint must allege the jurisdictional requirements prescribed by statute. If it fails to do so, then a motion to quash process and service of process should be granted. Esberger v. First Florida Business Consultants, Inc., 338 So.2d 561 (Fla. 2d DCA 1976); Henschel-Steinau Company v. Harry Schorr, Inc., 302 So.2d 198 (Fla. 4th DCA 1974).
Appellees' original complaint made no allegation concerning the residence of Drake and thus did not contain the jurisdictional allegations necessary to constitute the Secretary of State as Drake's agent for substituted service of process, i.e., that Drake was a nonresident, a resident of Florida who subsequently became a nonresident, or a resident of Florida concealing his whereabouts. See Section 48.171, Florida Statutes (1975).
Likewise, the amended complaint does not contain the necessary jurisdictional allegations as to Drake. It alleges that Drake was a resident of the State of Florida at the time of the accident, and nothing more. This allegation, standing alone, defeats substituted service under the statute and case law cited above. On the face of appellees' amended complaint, appellant Drake is only amenable to personal service, if and when he may be found within the State of Florida.
Since the record discloses that appellees have not validly served appellant Drake by personal service, substituted service, or otherwise as provided by law, the trial court erred in the amended order adjudging that it had jurisdiction over the person of appellant Drake.
*965 Before we turn our attention to appellant Beacon, it is necessary to comment that merely hand delivering a copy of the amended complaint in this case to the attorney of record for appellant Drake would not have constituted lawful service upon Drake, even if we assume, arguendo, that the amendment to the original complaint cured the jurisdictional deficiencies of the original complaint's allegations (which it, in fact, did not, for the above-stated reasons). A defendant is entitled to service of valid original process and a copy of the initial pleading upon him by personal service or upon his statutory agent by substituted service in accordance with the Florida Statutes and the Rules of Civil Procedure. This must be done for the court to have jurisdiction over the person of the defendant. It was not done here. Only when the paper served is a pleading subsequent to service of the original process and initial pleading may valid service be made upon a party's attorney. Compare Fla.R. Civ.P. 1.070 with Fla.R.Civ.P. 1.080.[3]
Now, with respect to appellant Beacon, it is equally clear that again appellees' original complaint did not contain the jurisdictional allegations necessary to constitute the Insurance Commissioner as Beacon's agent for substituted service of process pursuant to Sections 626.906 and 626.907(1), Florida Statutes (1975). The complaint did not allege any activities whatsoever by Beacon within the State of Florida. On the contrary, the complaint affirmatively alleged that Beacon was engaged in the automobile liability insurance business in the State of Ohio at all times pertinent.
Thus, the trial court properly granted appellant Beacon's first motion to quash by its order entered December 6, 1976. Esberger v. First Florida Business Consultants, Inc., supra. However, the trial court then proceeded to go seriously astray in its rulings in this case. After appellees again attempted substituted service of their complaint, without amendment, appellant Beacon again moved to quash and, significantly, attached the above-mentioned supporting affidavit of Metzger, its claims representative, stating in sum that Beacon did not issue or deliver any policy of insurance to Drake in the State of Florida and has no contacts with the State of Florida.
When jurisdiction has been adequately challenged by the defendant by affidavit or other competent evidence, the plaintiff must then sustain its claims by affidavit or other proof and not just by reiteration of the unsworn allegations of the complaint. In other words, if the defendant establishes a prima facie showing by way of affidavit that the defendant's conduct and actions did not make it amenable to service of process, then the burden shifts to the plaintiff to support the allegations of its complaint by way of evidence in opposition to the defendant's affidavit. See Dublin Company v. Peninsular Supply Company, 309 So.2d 207 (Fla. 4th DCA 1975) and the cases cited therein; see also Elmex Corporation v. Atlantic Federal Savings and Loan Association of Fort Lauderdale, 325 So.2d 58 (Fla. 4th DCA 1976).
Here, appellant Beacon adequately challenged the jurisdiction of the court by affidavit and made a prima facie showing that it had not engaged in any of the requisite acts required by Section 626.906 to render it amenable to substituted service of process on the Insurance Commissioner. In response thereto, appellees amended their complaint only to include a mere conclusory allegation that Beacon was engaged in the automobile liability insurance business in Florida at all pertinent times. First, we do not think that a conclusory allegation that a foreign insurer is engaging in the insurance business in Florida, without allegations of any of the particular acts specified in Section 626.906, is sufficient even to carry the plaintiff's initial burden of pleading facts to clearly justify, as a matter of law, the applicability of the substituted service statute. Elmex Corporation, supra. Secondly, in view of appellant *966 Beacon's aforesaid affidavit establishing a prima facie case, it is patent that appellees' unsworn amended complaint in no way met their burden of proving the necessary allegations to support substituted service, and, therefore, appellant Beacon's motion to quash should have been granted.
In this regard, Parliament Life Insurance Company v. Eglin National Bank, 333 So.2d 517 (Fla. 1st DCA 1976) appears dispositive in favor of Beacon as to any contention that appellees' allegation in their amended complaint that Drake was a resident of Florida at the time of the accident is sufficient to confer personal jurisdiction over Beacon by way of substituted service. The Parliament court followed Parmalee v. Iowa State Traveling Men's Association, 206 F.2d 518 (5th Cir.1953) in construing Section 626.906 to apply only to policies of insurance issued or delivered in Florida to Florida residents by an unauthorized foreign insurer. In Parliament the insured was a resident of Florida at the time the policy was issued, but the issuance and delivery of the policy occurred in Pennsylvania and not in Florida. Further, Parliament had never done business in Florida. Thus, the fact that the insured was a resident of Florida, standing alone, was not sufficient to bring Parliament within the purview of Section 626.906.
We concur with the reasoning of Parliament, supra, and Parmalee, supra, and consider them applicable and controlling herein. Indeed, it appears from the record that Beacon does not have the requisite minimum contacts with Florida to subject it to the jurisdiction of the Florida courts without offending the fundamental due process guarantees of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Parmalee v. Iowa State Traveling Men's Association, supra.
Accordingly, the amended order determining that appellees had obtained jurisdiction over the person of appellant Drake is hereby reversed and the cause remanded to the trial court with the direction to enter an order quashing process and service of process as to appellant Drake, with leave given to appellees to take such other action by pleading as deemed appropriate. Further, the amended order determining that appellees had obtained jurisdiction over the person of appellant Beacon is hereby reversed and the cause remanded to the trial court with the direction to enter an order quashing process and service of process as to appellant Beacon.
HOBSON, A.C.J., and GRIMES, J., concur.
NOTES
[1] Appellees state in their brief that they also subsequently attempted constructive service on Drake pursuant to Chapter 49, Fla. Stat. (1975). We summarily reject any contention that constructive service of process could confer jurisdiction over the person of a defendant in an in personam tort action like the instant one. See Section 49.011, Fla. Stat. (1975). See also, e.g., Ake v. Chancey, 152 Fla. 677, 13 So.2d 6 (1943); Condotel Bahamas, Ltd. v. Leavell Bahamas, Ltd., 276 So.2d 189 (Fla. 4th DCA 1973).
[2] After appellants' motion was filed, but before it was heard, appellees unsuccessfully attempted to serve Drake in Ohio pursuant to the long-arm statute, Sections 48.193 and 48.194, Fla. Stat. (1975). The Sheriff of Sandusky County, Ohio returned the summons unserved, stating that service had not been made because Drake has moved without leaving a forwarding address.
[3] These observations apply with equal force to the hand delivery of the amended complaint to the attorney of record for appellant Beacon. This, too, could not constitute lawful service.