399 So.2d 1128 (1981)
ALAN RESTAURANT CORP., a Florida Corporation, D/B/a Danny's Restaurant, Appellant,
v.
Selma WALDER and Irving Walder, Her Husband, Appellees.
No. 81-568.
District Court of Appeal of Florida, Fourth District.
June 24, 1981.
*1129 Bruce F. Simberg of Conroy & Simberg, P.A., Hollywood, for appellant.
No appearance for appellees.
DOWNEY, Judge.
This is an appeal by Alan Restaurant Corporation from an order denying its motion to dismiss the personal injury complaint of Mr. and Mrs. Walder.
The Walders filed a complaint seeking money damages from the Corporation on the grounds that one of its employees as a result of negligent conduct had inflicted personal injuries on Mrs. Walder. Attempts at gaining jurisdiction over the Corporation by personal service on its resident agent, Alan Gardner, were unsuccessful. On October 6, 1980, the Walders filed a motion asking the circuit court to enter an order allowing for service of process by publication against the Corporation pursuant to Section 49.051, Florida Statutes (1979). On November 7, 1980, the court (Latimer, J.) entered an order granting that motion. Thereafter the Walders made service of process by publication pursuant to Chapter 49, Florida Statutes.
On December 10, 1980, the Corporation filed a motion to dismiss the complaint for insufficiency of process, insufficiency of service of process, insufficiency of jurisdiction over the Corporation, and improper service on the Corporation as named. On January 14, 1981, the Walders filed a motion for default.
After holding a hearing on the motion to dismiss and the motion for default the court (King, J.) on February 18, 1981, entered an order denying both motions. The order specified that Judge King would not review Judge Latimer's order of November 7, 1980. This interlocutory appeal followed. We have jurisdiction. Rule 9.130(a)(3)(C)(i), Florida Rules of Appellate Procedure.
The Corporation contends that the order denying its motion to dismiss should be reversed because service of process by publication is not a proper means of obtaining personal jurisdiction over a defendant, since Section 49.011 does not authorize service of process by publication in a personal injury negligence action for money damages.
The Walders have not filed a brief to assist us in deciding this appeal.
Section 49.011 authorizes service of process by publication in only twelve types of actions or proceedings.[1] Personal injury negligence actions are not included in the foregoing list of actions and therefore service *1130 of process by publication is unauthorized in negligence actions. Drake v. Scharlau, 353 So.2d 961 (Fla.2d DCA 1978); Condotel Bahamas, Ltd. v. Leavell Bahamas, Ltd., 276 So.2d 189 (Fla. 4th DCA 1973); Jones v. Denmark, 259 So.2d 198 (Fla.3d DCA 1972).
Nonetheless, dismissal of an action is inappropriate when a plaintiff has made improper use of Chapter 49 in attempting to gain personal jurisdiction over a defendant. Condotel Bahamas, Ltd. v. Leavell Bahamas, supra; Jones v. Denmark, supra. We therefore affirm the order denying the Corporation's motion to dismiss. However, this affirmance is without prejudice to the Corporation's seeking to quash service of process.
AFFIRMED.
BERANEK and GLICKSTEIN, JJ., concur.
NOTES
[1] (1) To enforce any legal or equitable lien or claim to any title or interest in real or personal property within the jurisdiction of the court or any fund held or debt owing by any party on whom process can be served within this state;

(2) To quiet title or remove any encumbrance, lien or could on the title to any real or personal property within the jurisdiction of the court or any fund held or debt owing by any party on whom process can be served within this state;
(3) To partition real or personal property within the jurisdiction of the court;
(4) For dissolution or annulment of marriage;
(5) For the construction of any will, deed, contract or other written instrument and for a judicial declaration or enforcement of any legal or equitable right, title, claim, lien or interest thereunder;
(6) To reestablish lost instruments or records which have or should have their situs within the jurisdiction of the court;
(7) In which a writ of replevin, garnishment or attachment has been issued and executed;
(8) In which any other writ or process has been issued and executed which places any property, fund or debt in the custody of a court;
(9) To revive a judgment by motion or scire facias;
(10) For adoption;
(11) Wherein personal service of process or notice is not required by the statutes or constitution of this state or by the Constitution of the United States;
(12) In probate or guardianship proceedings wherein personal service of process or notice is not required by the statutes or Constitution of this state or by the constitution of the United States.