559 So.2d 1214 (1990)
WINTERTHUR INTERNATIONAL, LTD., Appellant,
v.
Augusto Durand PALACIOS, Appellee.
No. 89-655.
District Court of Appeal of Florida, Third District.
March 20, 1990.
Rehearing Denied May 15, 1990.
Weintraub & Rosen, and Lee I. Weintraub, Miami, for appellant.
J. James Donnellan, III, Miami, for appellee.
Before FERGUSON, COPE and GODERICH, JJ.
COPE, Judge.
Winterthur International, Ltd. appeals an order denying its motion to dismiss for lack of personal jurisdiction, and its motion to quash service of process. See Fla.R.App.P. 9.130(a)(3)(C)(i). We affirm in part and reverse in part.
Winterthur International, Ltd., defendant below, is an insurance company organized *1215 under the laws of Bermuda. Augusto Durand Palacios ("the insured" or "Palacios"), a resident of Peru, purchased a Winterthur medical insurance policy through a Miami insurance broker during a visit by the insured to Miami. The application was completed in Miami and the premium was paid there. The insurance plan documents indicate that International Medical Underwriters, of Miami, Florida, is the authorized agent for Winterthur, and the policy issued to the insured was signed by a Dade County, Florida, resident as agent for Winterthur. The policy was delivered to the insured in Peru.
Subsequently a coverage dispute arose between the insured and Winterthur. The insured filed suit against Winterthur and the brokers in circuit court in Dade County, Florida. Winterthur moved to dismiss on the grounds that Florida did not have in personam jurisdiction over Winterthur and that service of process was insufficient. The trial court denied the motion and Winterthur has appealed.
The insured bases his claim of jurisdiction on section 626.906, Florida Statutes (1987) which provides in part:
Any of the following acts in this state, effected by mail or otherwise, by an unauthorized foreign or alien insurer is equivalent to and shall constitute an appointment by such insurer of the Insurance Commissioner and Treasurer ... to be its true and lawful attorney, upon whom may be served all lawful process in any action, suit, or proceeding instituted by or on behalf of an insured or beneficiary, arising out of any such contract of insurance ...:
(1) The issuance or delivery of contracts of insurance to residents of this state or to corporations authorized to do business therein;
(2) The solicitation of applications for such contracts;
(3) The collection of premiums, membership fees, assessments, or other considerations for such contracts; or
(4) Any other transaction of insurance.
Winterthur does not dispute that it is an alien insurer which has not been authorized to transact business in Florida, see also id. §§ 624.06(3), 624.09(2), and therefore is an unauthorized alien insurer as described in section 626.906. Winterthur argues first, however, that section 626.906 is only available to an insured who is a resident of Florida, not to Palacios, who is a resident of Peru, and second, that Winterthur has performed no acts which would bring it within the ambit of the statute. Affidavits were filed to support the latter contention and contravene those of Palacios.
Winterthur's initial contention  that section 626.906 is unavailable to a nonresident as a matter of law  must be rejected. While the protection of Florida residents is undoubtedly one objective of the statute, see id. § 626.905, it is not the sole objective. Id. Although subsections 626.906(1)(3) apply only to residents of Florida, subsection 626.906(4) contains no such limitation, and no basis appears on which such a limitation should be implied.
This conclusion is reinforced by the fact that language employed in subsection 626.906(4), "transaction of insurance," is a defined term within the Florida Insurance Code. Id. § 624.10; see id. § 624.01 (defining Florida Insurance Code). Section 624.10, Florida Statutes, provides:
"Transact" with respect to insurance includes any of the following, in addition to other applicable provisions of this code:
(1) Solicitation or inducement.
(2) Preliminary negotiations.
(3) Effectuation of a contract of insurance.
(4) Transaction of matters subsequent to effectuation of a contract of insurance and arising out of it.
Section 624.10 is not limited, expressly or by implication, to transactions involving Florida residents. We conclude, therefore, that subsection 626.906(4) is available to a nonresident insured.
Winterthur contends, however, that reversal is mandated by Drake v. Scharlau, 353 So.2d 961 (Fla. 2d DCA 1978), Parliament Life Insurance Co. v. Eglin National Bank, 333 So.2d 517 (Fla. 1st DCA 1976), and Parmalee v. Iowa Traveling *1216 Men's Association, 206 F.2d 518 (5th Cir.), cert. denied, 346 U.S. 877, 74 S.Ct. 125, 98 L.Ed. 384-85 (1953). We disagree. Those decisions involve construction of what is now subsection 626.906(1), Florida Statutes. Drake and Parliament hold that subsection 626.906(1) is not available to a plaintiff who became a Florida resident after issuance of the insurance policy, where the foreign or alien insurer has no other contact with Florida. See generally Citizens Ins. Co. v. Bowman, 525 So.2d 991 (Fla. 3d DCA 1988). Parmalee sustained the statute as applied to an insured who was a resident of Florida at the time the policy was issued. None of those decisions construed subsection 626.906(4) or treated the issue presented here. To be sure, those decisions contain language suggesting that section 626.906 applies only to Florida residents, but as applied to subsection 626.906(4), those statements are dictum. Because the present subsection 626.906(4) employs a specifically defined term for purposes of the Insurance Code, we construe the statute in accordance with that definition.[1]
Turning to Winterthur's second issue, we concur with the trial judge that the facts alleged by the plaintiff, and supported by affidavit, would, if proven, satisfy the criteria of subsection 626.906(4). While there are factual disputes between the affidavits submitted by the parties, on the present record it appears that solicitation activity was being conducted on behalf of Winterthur from an authorized representative in Miami; that there were preliminary negotiations between the insured and Winterthur's authorized representatives in Dade County, Florida; and that the contract was effectuated by signature of the authorized agent in Dade County, Florida.[2] The trial court correctly concluded that there is a triable issue with respect to in personam jurisdiction and that Winterthur is not entitled to dismissal at this stage.
Subsequent to the trial court's ruling, the Florida Supreme Court announced that where there are material irreconcilable conflicts between the parties' affidavits, the trial court should hold a limited evidentiary hearing in order to determine the jurisdictional issue. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 503 (Fla. 1989). Winterthur denies that it in fact solicited the insured, asserts that the taking of an application in Florida exceeded the authority granted the broker, and denies other material assertions of the insured. We therefore remand for a limited evidentiary hearing on the jurisdictional issue.
Winterthur also contends, and the insured concedes, that the insured did not strictly comply with the procedure of section 626.907(2), Florida Statutes, in effecting service on Winterthur. That being so, the motion to quash service of process should have been granted. See Gloucester Engineering, Inc. v. Mendoza, 489 So.2d 141 (Fla. 3d DCA 1986).
In summary, with respect to the jurisdictional issue, we affirm but remand for an evidentiary hearing pursuant to Venetian Salami Co. v. Parthenais. With respect to service of process, we reverse and remand with directions to quash service of process without prejudice to the insured to perfect service in accordance with the terms of the statute.
Affirmed in part, reversed in part, and remanded.

ON REHEARING DENIED
In its motion for rehearing, Winterthur International, Ltd. urges that the sole purpose of the Unauthorized Insurers Process Law, §§ 626.904-.912, Fla. Stat. (1987), is to provide a remedy to Florida residents, not nonresidents. Winterthur relies on portions of the statutory statement of purpose, § 626.905, Fla. Stat., which refer to the protection of Florida residents. While that is certainly one of the statutory objectives, *1217 we cannot agree that it is the sole objective. Section 626.905 states more broadly that the purpose of the law "is to subject certain insurers to the jurisdiction of courts of this state in suits by or on behalf of insureds or beneficiaries under insurance contracts." Id. (emphasis added). The section goes on to indicate that in enacting the statute, the legislature "exercises its power to protect its residents and to define, for the purpose of this chapter, what constitutes doing business in this state, and also exercises powers and privileges available to the state by virtue of Pub.L. No. 15, 79th Congress of the United States, chapter 20, 1st session, s. 340, as amended, which declares that the business of insurance and every person engaged therein shall be subject to the laws of the several states." Id. (emphasis added). The passages just indicated are consistent with the operative language of section 626.906, Florida Statutes, which contains some provisions expressly pertaining to residents and another (subsection 626.906(4)) which is not so confined.[*]
After careful consideration of the other points raised by Winterthur, the motion for rehearing is denied.
NOTES
[1] At the time Parmalee was decided, the predecessor statute had somewhat different wording. See 206 F.2d at 519-20 n. 2.
[2] These actions would also supply sufficient minimum contacts to satisfy the due process clause. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).
[*] In our original opinion we concluded that the terminology employed in section 626.906(4), "transaction of insurance," is a term defined by section 624.10, Florida Statutes. That the two should be read together is given some added weight in view of the fact that both emanated from the same legislative enactment. See ch. 59-205, §§ 10, 347, Laws of Fla.