585 So.2d 1185 (1991)
WORLD METALS, INC., Etc., Appellant,
v.
TOWNLEY FOUNDRY AND MACHINE CO., INC., Appellee.
No. 91-698.
District Court of Appeal of Florida, Fifth District.
September 19, 1991.
*1186 Brian D. Lambert of Savage, Krim, Simons, Behnke & Lambert, P.A., Ocala, for appellant.
No Appearance for appellee.
W. SHARP, Judge.
World Metals, Inc., appeals from an order denying its motion to quash service of process.[1] We reverse the order and remand for an evidentiary hearing on the issue of Florida's "long-arm" jurisdiction over World Metals, an Ohio corporation.
This case arose when Townley Foundry and Machine Co., Inc., a Florida corporation, filed suit in Florida against World Metals for breach of contract to supply surplus molding flasks without grates and plates. According to Townley, the shipments sent by World Metals to Townley in Florida were not the goods requested.
World Metals moved to quash service of process or to dismiss Townley's complaint for lack of jurisdiction. In support, World Metals submitted an affidavit from its president, E. William Glause, who stated in part:
8. That in connection with the transaction which is the subject matter of the above captioned litigation, at no time did any officer, member, employee or agent of the Defendant corporation travel to the State of Florida to meet with any representative of the Plaintiff.
9. That as reflected in paragraph 2 of the Complaint filed by the Plaintiff, the Plaintiff representative telephoned the Defendant in the Defendant's office in Ohio to order a certain product described as "surplus molding flasks."
10. That prior to the telephone call of September 5, 1990, the Plaintiff's representatives had traveled to the Defendant's place of business in the State of Ohio for the purpose of reviewing the product to be purchased.
11. That Plaintiff made payment for said product with the payment being sent to the State of Ohio.
12. That the Defendant, WORLD METALS, INC., did not ship the product in question to the State of Florida. Rather, the Plaintiff made independent arrangements to travel to the State of Ohio, pick up the product in question, and transport it back to the State of Florida.
In response, Townley filed the affidavit of its vice-president, Sarah Hall, who stated in part:
3. That WORLD METALS, INC., (hereinafter "WORLD") first contacted TOWNLEY via an advertisement that WORLD placed in Foundry Management and Technology magazine.
4. That WORLD followed up its general solicitation with a solicitation targeted directly toward TOWNLEY.
5. That WORLD directed at least fifteen telephone calls to TOWNLEY employees in further solicitation of TOWNLEY'S business shown by the attached summary of TOWNLEY'S incoming telephone call log.

*1187 6. That in reliance upon the representation of WORLD, TOWNLEY entered into a contract for the purchase of surplus molding, flasks, said contract to be performed in the State of Florida.
7. That said contract was breached in the State of Florida when non-conforming goods were delivered.
To determine whether personal jurisdiction over a nonresident defendant has been established, the trial court must first determine whether the plaintiff has alleged sufficient jurisdictional facts to bring the action within the ambit of the long-arm statute. Here Townley relied on section 48.193(1)(g), Florida Statutes (1989) which provides for jurisdiction over a nonresident defendant who breaches a contract in this state by failing to perform acts required by the contract to be performed in this state. Assuming that sufficient facts are alleged to bring the defendant within the ambit of the long-arm statute, the trial court must next determine whether the defendant has sufficient "minimum contacts" with the forum state to satisfy due process requirements. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989); Ford Motor Co. v. Atwood Vacuum Machine Co., 392 So.2d 1305 (Fla.), cert. denied, 452 U.S. 901, 101 S.Ct. 3024, 69 L.Ed.2d 401 (1981).
The filing of a motion to dismiss on grounds of lack of jurisdiction over the person raises the legal sufficiency of the pleading. A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise the contention of a lack of minimum contacts must file affidavits in support of his position. The burden is then placed on the plaintiff to show by affidavit the basis upon which jurisdiction may be obtained. Venetian Salami Co.
If the affidavits establish facts which are not controverted, the trial court can then resolve the legal issue. However, if the affidavits cannot be reconciled and are in conflict, then the trial court must hold an evidentiary hearing to determine the jurisdiction issue. Venetian Salami Co., 554 So.2d at 502-503. It is not proper to determine disputed factual matters on the basis of affidavits alone.
Here the affidavits of Glause and Hall clearly conflict on the issue of whether the contract was breached in Florida or Ohio. That turns on whether the goods were sold and delivered in Ohio, or whether, as Townley alleged, the contract encompassed delivery of the goods to Townley in Florida. Accordingly, we remand the case to the trial court to hold an evidentiary hearing to determine the disputed factual jurisdictional issues. Venetian Salami Co.; Winterthur International Ltd. v. Palacios, 559 So.2d 1214 (Fla. 3d DCA 1990); Nordmark Presentations, Inc. v. Harman, 557 So.2d 649 (Fla. 2d DCA 1990).
REVERSED and REMANDED.
GOSHORN, C.J., and DAUKSCH, J., concur.
NOTES
[1] Fla.R.App.P. 9.130(a)(3)(C)(i).