615 So.2d 794 (1993)
Jerry WARTSKI, Appellant,
v.
Philip SENCER and Walter Sencer, Appellees.
Nos. 92-1590, 92-1591.
District Court of Appeal of Florida, Fifth District.
March 12, 1993.
*795 Sharon L. Christenbury of Law Offices of Ronald S. Lowy, Miami Beach, for appellant.
William E. Loucks and Michael S. Orfinger of Monaco, Smith, Hood, Perkins, Loucks & Stout, Daytona Beach, for appellees.
W. SHARP, Judge.
Wartski appeals from two orders denying his motions to dismiss complaints filed by Philip Sencer and Walter Sencer to collect on promissory notes guaranteed by Wartski. The orders determined that the courts have personal jurisdiction over Wartski,[1] a nonresident, under Florida's long arm statute. On appeal, Wartski argues that the Sencers' complaints should have been dismissed as to him individually because the Sencers failed to allege and substantiate sufficient jurisdictional facts to show compliance with Florida's long arm statute and failed to allege facts which would support a finding of "minimum contacts" necessary to sustain jurisdiction over a nonresident defendant. We agree and reverse.
In 1991, Philip Sencer filed suit against Wartco, Inc., a Florida corporation, and Wartski individually to collect payment on a $50,000 promissory note. The complaint alleged in part as follows:
1. This is an action for damages... .
2. On February 1, 1991, Defendants executed and delivered a promissory note, a copy being attached, to Plaintiff in Volusia County, Florida.
3. Plaintiff owns and holds the note.
4. Defendants failed to pay the note when due.
5. Defendants owe Plaintiff $50,000.00 ...
The promissory note was executed by Wartski, as president of Wartco, and was unconditionally guaranteed by Wartski individually. The note was signed by Wartski in New York, acknowledged before a New York notary, was dated February 1, 1991 and required payment to Philip in Wilmette, Illinois on April 1, 1991.
At the same time, Walter Sencer filed a complaint to collect on a $75,000 promissory note executed by Wartco, Inc. and guaranteed by Wartski individually. The note was payable to Walter in New York. In all other regards, the complaint and note were the same as in Philip's lawsuit.
*796 In determining whether long arm jurisdiction is appropriate in a given case, two inquiries must be made. First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute. Assuming that sufficient facts are alleged to bring the defendant within the ambit of the long arm statute, the trial court must next determine whether the defendant had sufficient "minimum contacts" with the forum state to satisfy due process requirements. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989); World Metals, Inc. v. Townley Foundry & Machine Co., Inc., 585 So.2d 1185 (Fla. 5th DCA 1991); Unger v. Publisher Entry Service, Inc., 513 So.2d 674 (Fla. 5th DCA 1987), rev. denied, 520 So.2d 586 (Fla. 1988).
The filing of a motion to dismiss on grounds of lack of jurisdiction over the person raises the legal sufficiency of the pleading. A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise the contention of a lack of minimum contacts must file affidavits in support of his position. The burden is then on the plaintiff to show by affidavit the basis upon which jurisdiction may be obtained. Venetian Salami Co.; World Metals.
Here, Wartski filed affidavits stating he was a resident of New York and that the Sencers were residents of New York. The notes themselves indicate payment outside of Florida.[2] These allegations show a lack of contact with Florida and the burden shifted to the Sencers to establish the basis upon which jurisdiction may be obtained over Wartski. However, nothing in the Sencers' complaints, affidavits of indebtedness or the motions for summary judgment addresses the jurisdictional issue. Thus the Sencers failed in their burden of establishing a proper basis for long arm jurisdiction and the trial courts should have granted Wartski's motions to dismiss.
REVERSED and REMANDED.
COBB, J., and COWART, Judge, Retired, concur.
NOTES
[1] Fla.R.App.P. 9.130(a)(3)(C)(i).
[2] In Venetian Salami Co., the Florida Supreme Court opined that the mere failure to pay money in Florida, standing alone, would not suffice to obtain jurisdiction over a nonresident defendant. 554 So.2d at 503.