617 So.2d 441 (1993)
JOHN POSEY CORPORATION, Appellant,
v.
R.J.T. ENGINEERING, INC., an Arizona corporation, Sirius Industries, Inc., an Arizona corporation, and Richard Parsons, individually, Appellees.
No. 92-2220.
District Court of Appeal of Florida, Fifth District.
April 30, 1993.
*442 James M. Tenaglia, Spring Hill, for appellant.
Joseph M. Mason, Jr., and Daniel B. Merritt, Jr., Merritt & Mason, P.A., Brooksville, for appellees.
W. SHARP, Judge.
John Posey Corporation appeals from an order dismissing its complaint against two Arizona corporations, R.J.T. Engineering, Inc. and Sirius Industries, and an Arizona resident, Richard Parsons. The trial court dismissed the complaint on the ground that Posey failed to establish that the defendants had the requisite "minimum contacts" with the state of Florida to sustain personal jurisdiction over them. We reverse because the affidavits submitted by the parties are in conflict on factual issues which might (or might not) justify personal jurisdiction of a Florida court over the defendants. Accordingly, we reverse and remand for further proceedings.
The record in this case establishes that in 1992, Posey filed suit against R.J.T., Sirius and Parsons for fraud and breach of contract. They were served in Arizona. Posey alleged it negotiated with Sirius for the purchase of custom computer keyboards. Sirius' assets were later transferred to a new corporation (R.J.T.) by Parsons. Parsons guaranteed the manufacture and delivery of the keyboards but the keyboards were never delivered as promised. The defendants moved to dismiss the complaint on the ground they lacked the necessary minimum contacts with Florida for exercise of personal jurisdiction over them.
In support of their motion, Parsons submitted his affidavit in which he alleged he is the president of R.J.T. and Sirius, that he is a resident of Arizona, that R.J.T. and Sirius are Arizona corporations and are located solely in Arizona, and that neither defendant has an office, conducts or solicits any business in Florida. Parsons further alleged that the contract for the keyboards was solicited by Stan Levin, an independent sales person, who receives a commission if the goods are shipped.
Parsons alleged he first met Levin at a trade show in Atlanta, Georgia. Levin initially contacted R.J.T. about a possible sale to Posey. Parsons also alleged that Levin was not employed by the defendants, and is not on the payroll of any of the defendants. He is not under the control or direction of any of the defendants but is an independent sales person.
Parsons further alleged that Posey travelled to Arizona to negotiate the contract. Minor details were formalized by telephone *443 conversations and correspondence between the parties in Arizona and Florida. The contract was drafted and signed by R.J.T. in Arizona and then forwarded to Posey for signing in Florida. The keyboards were to be manufactured and assembled in Arizona and shipped FOB Phoenix. No goods have been shipped to Florida, and the defendants have had no other contact with the State of Florida.
Posey countered with affidavits by Levin and himself. In his affidavit, Posey alleged that he is the president of John Posey Corporation, a Florida corporation, which manufactures and wholesales electronics/computer components. He claimed Levin contacted him on behalf of Sirius. Levin told him he was Sirius' representative in the State of Florida. Posey discussed his needs with Levin, who relayed the requirements to Parsons. Parsons told him that Sirius was in financial difficulty and that he was leaving Sirius and forming R.J.T. which would manufacture the keyboards and deliver them to Florida. Posey negotiated the contract terms with R.J.T. through Levin, while Levin was acting as Sirius' and R.J.T.'s manufacturer's representative. Posey insisted on a clause in the contract which provided for enforcement under Florida law.
In his affidavit, Levin alleged that he was a resident of Altamonte Springs, Florida, and that he was the "contractual manufacturer's representative" of Sirius in Florida. Sirius sold its products (primarily electronic products for computers) in Florida. Sirius' director of sales told him to see John Posey in Hernando County because Sirius had or could manufacture a keyboard that Posey might buy.
During negotiations for the keyboards, Parsons left Sirius and formed R.J.T. Levin alleged he continued as the manufacturer's representative for R.J.T. in Florida. He stated that he helped Parsons negotiate with Posey and that he was paid by R.J.T. for his services as manufacturer's representative. Levin also alleged that:
I was not a salesman for Sirius or R.J.T. I was a manufacturer's representative. In that job, I tried to get business, contacts, and pursued leads that would produce contracts or other business for Sirius and R.J.T. in Florida.
Parsons filed a counter affidavit in which he stated that Levin is not a manufacturer's representative for any of the defendants, but rather he is an independent sales person who has never been under the control and direction of the defendants. Parsons further stated that Levin independently locates buyers and receives a commission if goods are shipped, that no employee of the defendants ever instructed Levin to contact Posey, that Levin had no authority to negotiate with Posey on behalf of the defendants, and that Levin acted as Posey's agent in negotiating the contract.
In determining whether long arm jurisdiction is appropriate in a given case, the complaint must allege sufficient jurisdictional facts to bring the action within the ambit of the applicable long arm statute and the defendant must have sufficient "minimum contacts" with the forum state to satisfy due process requirements. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989); World Metals, Inc. v. Townley Foundry & Machine Co., Inc., 585 So.2d 1185 (Fla. 5th DCA 1991); Unger v. Publisher Entry Service, Inc., 513 So.2d 674 (Fla. 5th DCA 1987), rev. denied, 520 So.2d 586 (Fla. 1988). A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise the contention of a lack of minimum contacts must file affidavits in support of his position. The burden is then on the plaintiff to show by affidavit the basis upon which jurisdiction may be obtained. Venetian Salami Co.; World Metals.
In Venetian Salami, the court noted that in most cases, the affidavits regarding jurisdiction can be harmonized and the trial court will be in a position to make a decision based upon facts which are essentially undisputed. However, if the affidavits cannot be reconciled and the relevant facts set forth in the respective affidavits are in direct conflict, the trial court will have to hold a limited evidentiary hearing to determine the jurisdiction issue.
*444 In the present case, the parties filed four affidavits  two from Parsons and one each from John Posey and Levin. According to Parsons' affidavits, the defendants neither conducted nor solicited any business in Florida, and Levin is not their representative, but rather was an independent sales person who locates buyers and receives a commission if the goods are shipped. Levin acted solely as an agent for Posey in negotiating the contract. Posey concedes that if Parsons' affidavits are true there are insufficient minimum contacts for exercise of personal jurisdiction over the defendants. However, according to Posey's affidavit, Levin contacted him on behalf of the defendants, and Levin was acting as the defendants' manufacturer's representative in the State of Florida for the defendant. Posey negotiated the terms of the contract through Levin as Parson's agent. In his affidavit, Levin corroborates this. Levin also alleged that before Sirius went bankrupt, it sold its products in Florida. These allegations, if true, would appear sufficient to establish minimum contacts with the State of Florida.[1] Since the affidavits directly conflict on whether or not Levin was an agent for the defendants, and their conduct or solicitation of business in Florida, the jurisdictional issue can only be resolved by resorting to a limited evidentiary hearing to resolve the factual disputes. Venetian Salami.
REVERSED and REMANDED.
DAUKSCH and DIAMANTIS, JJ., concur.
NOTES
[1] See, e.g., Law Offices of Evan I. Fetterman v. Inter Tel, Inc., 480 So.2d 1382 (Fla. 4th DCA 1985) (Florida court could exercise personal jurisdiction over nonresident manufacturer of telephone systems which it sold through its dealer, a Florida corporation); Babson Brothers Co. v. Allison, 298 So.2d 450 (Fla. 1st DCA 1974) (Illinois corporation was carrying on a business venture in Florida and had sufficient minimum contacts where the court found that the corporation had one of its sales representatives working out of Jacksonville office for three months taking orders and selling its products and had other sales representatives selling products to Florida customers); Hubsch Manufacturing Co. v. Freeway Washer and Stamping Co., 205 So.2d 337 (Fla. 1st DCA 1967), cert. denied, 212 So.2d 867 (Fla. 1968) (sending officers of nonresident corporation, other agents, and engineers, into Florida to promote corporation's business coupled with actual sales and delivery of hardware, constituted doing business within the state and thus the court erred in dismissing the complaint for lack of jurisdiction).