GOSHORN, Judge,
concurring in part and dissenting in part.
I agree with the majority that the trial court correctly quashed service of process as to Aubrey Rigsbee and Martin O’Neill for lack. of personal jurisdiction. However, I would hold that the lower court erred in failing to conduct an evidentiary hearing on that issue with regard to John Mathewson and Guardian Bank and Trust, Ltd. because appellant’s counter-affidavit, filed in response to those appellees’ affidavits contesting in personam jurisdiction, creates a material . conflict requiring such a hearing. See Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989); John Posey Corp. v. R.J.T. Eng’g, Inc., 617 So.2d 441, 443-4 (Fla. 5th DCA 1993) (where plaintiffs and defendant’s affidavits directly conflicted on whether third party was an agent for the defendant and on the extent of defendant’s action in soliciting business in Florida, remand was necessary to determine whether there were sufficient minimum contacts to exercise jurisdiction over defendant). I also believe Seale’s (second) amended counterclaim and crossclaim provided sufficient jurisdictional allegations. Accordingly, I would affirm in part, reverse in part, and remand this case to the lower court for it to conduct an evidentiary hearing pursuant to Venetian Salami, supra.