OWEN, WILLIAM C., JR., Senior Judge.
Appellant challenges an order denying his motion to dismiss for lack of personal jurisdiction under Florida’s long-arm statute. We affirm.
Appellant was the Chief Executive Officer of a publicly traded Florida corporation. Appellees held some of the corporation’s stock, which was restricted pursuant to Rule 144 of the Securities Act of 1933. After holding the stock for one year, ap-pellees requested the corporation to have the restrictive legend lifted so that they might -transfer a certain amount of the stock within the volume limit of Rule 144. When the corporation refused to do so, appellees filed this action for damages and injunctive relief against both the corporation and appellant, individually.
Essentially, appellees alleged that appellant engineered the refusal of their request in violation of the corporation’s and the appellant’s statutory and common law fidu *431 ciary duties, thereby committing a tortious act in the State of Florida. Appellees further alleged that appellant engaged in business in the state and that he engaged in substantial, and not isolated activity within this state in connection with the operations of the corporation.
Appellant’s motion to dismiss for lack of personal jurisdiction argued that the complaint did not allege ultimate facts showing that he took any actions in Florida, nor did it allege that he took any action other than in his capacity as a corporate officer. Appellant’s motion was accompanied by his affidavit stating that he was a resident of California, that he never took part in any business or business venture in Florida other than on behalf of the corporation, and that none of the actions alleged in the amended complaint occurred in Florida. The court, without stating the basis of its ruling, denied the motion.
Appellant argues here five grounds for reversal: (1) the “corporate shield doctrine” protects appellant individually; (2) no tort occurred in Florida; (3) no injury occurred in Florida; (4) appellant did not engage in substantial and not isolated activity in Florida; and (5) no breach of a contract occurred in this state. Because we conclude that the trial court had personal jurisdiction over appellant based on the general jurisdiction statute, section 48.193(2), Florida Statutes, we affirm the court’s order on that basis and pretermit the remaining grounds argued.
Section 48.193(2), Florida Statutes (2001), provides:
A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
“Substantial and not isolated activity” has been found to mean “continuous and systematic general business contact” with Florida. See Woods v. Nova Cos. Belize Ltd., 739 So.2d 617, 620 (Fla. 4th DCA 1999). In 1997, appellant sold the assets of a corporation to TIG, a Florida corporation. He became executive vice president of TIG, and traveled to Florida weekly. He obtained a Florida driver’s license and used a Florida address on the TIG consulting agreement. In November of 1997, appellant agreed to provide consulting services to another Florida corporation, and to act as chief executive officer. The consulting agreement listed a St. Pe-tersburg, Florida, address for appellant. Appellant also established a subsidiary to ACT, a third Florida corporation for which he is chief executive officer, through negotiations with a Florida resident. In the fall of 2000, he traveled to Florida on a business trip in relation to ACT. These are substantial and not isolated contacts with Florida. Cf. Woods, 739 So.2d at 620-21 (holding that “by selling approximately eighteen percent of its product to Florida importers, moving nearly all of its product through the state, purchasing equipment and supplies from Florida suppliers, utilizing storage facilities in Florida, and establishing essential business relationships in this state, all within its ongoing commercial relationship with Florida, defendant ‘engaged - in substantial and not isolated activity within the state’ ” ); Achievers Unlimited, Inc. v. Nutri Herb, Inc., 710 So.2d 716 (Fla. 4th DCA 1998)(holding that non-resident individual defendant’s business contacts with Florida as a distributor for two corporations with offices in Florida for-over a three-year period brought her within the ambit of section 48.193(2)). Achievers makes it clear that general jurisdiction over an individual may be based on that individual’s activities as an employee on behalf of a corporation. Because we *432 find that appellant had substantial and not isolated contacts with Florida, we necessarily find that the due process requirements of minimum contacts are also satisfied. See Woods, 739 So.2d at 620.
AFFIRMED.
SHAHOOD and TAYLOR, JJ., concur.