# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-0443
LT Case No. 42-2024-CC-263

_____

ABDULFOTIKH SULEYMANOV,

    Appellant,

    v.

WINSTON PREMIER LOGISTICS,
LLC, and OTABEK UMAROV,

    Appellees.

_____

On appeal from the County Court for Marion County.
LeAnn Mackey-Barnes, Judge.

Abdulfotikh Suleymanov, New Britain, Connecticut, pro se.

David S. Romanik, of David S. Romanik, P.A., Ocala, for
Appellees.

May 8, 2026

PER CURIAM.

    Appellant Abdulfotikh Suleymanov appeals the Marion
County Court's final judgment entered against him and in favor of
Appellees Winston Premier Logistics, LLC, and Otabek Umarov.
Suleymanov argues the trial court lacked personal jurisdiction

over him. We agree and reverse and remand to the trial court with instructions to dismiss the case.

Winston Premier, a Florida company conducting an interstate trucking business, and Umarov, its manager, filed suit against Suleymanov, a resident of Connecticut. Their complaint alleged that the parties reached an oral agreement whereby Umarov would personally loan Suleymanov money to pay the tuition for Suleymanov to become certified as an interstate truck driver and to support his family while he attended trucking school. The agreement provided Suleymanov would repay this loan in full if he drove a truck and trailer for Winston Premier for one year at a compensation rate of 70¢ per mile. After a cross-country delivery of vegetables to Connecticut went wrong, Suleymanov quit driving for Winston Premier approximately one month into the agreed-upon one-year period. As a result, Appellees filed suit.

In response to the complaint, Suleymanov filed his Special Appearance & Motion to Dismiss for Lack of Jurisdiction. In support of his motion, he filed an affidavit attesting that he had no contacts with the State of Florida. Suleymanov admitted he worked for Winston Premier and Umarov but averred he had never conducted business in Florida or entered into any contract to be performed in Florida. Umarov filed his sworn declaration in response, declaring, *inter alia*, that Winston Premier "hired" Suleymanov as a driver, that all payments Winston Premier made to him were from a bank account maintained in Florida, and that all damages sustained by Winston Premier accrued in Florida, the location of its only office.

The trial court denied his motion. Ultimately, after entering a judicial default against Suleymanov, the court entered final judgment in favor of Winston Premier and Umarov.

Suleymanov appeals this final judgment, arguing, as he did below, that because he did not have sufficient minimum contacts with the State of Florida the trial court lacked personal jurisdiction over him.

For a Florida trial court to exercise personal jurisdiction over a defendant living outside the state, "due process requires that the defendant have certain minimum contacts with the forum such

2

that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 500 (Fla. 1989) (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945)). In making this determination, the trial judge must decide "whether the defendant's conduct in connection with the forum state is 'such that he should reasonably anticipate being haled into court there.'" *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 (1980)).

Florida's long-arm statute, *see* § 48.193, Fla. Stat. (2023), provides two distinct ways in which personal jurisdiction may be obtained over a defendant: either by the nonresident defendant having done any of the acts enumerated in section 48.193(1) (specific jurisdiction); or where the nonresident "is engaged in substantial and not isolated activity within this state" (general jurisdiction), § 48.193(2), Fla. Stat. "'Substantial and not isolated activity' has been found to mean 'continuous and systematic general business contact' with Florida." *May v. Needham*, 820 So. 2d 430, 431 (Fla. 4th DCA 2002) (quoting *Woods v. Nova Cos. Belize Ltd.,* 739 So. 2d 617, 620 (Fla. 4th DCA 1999)).

Whether personal jurisdiction exists over a non-resident defendant is a fact-specific inquiry. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 485–86 (1985) (rejecting "any talismanic jurisdictional formulas" and requiring "the facts of each case must [always] be weighed"). In relation to the long-arm statute, the constitutional inquiry regarding minimum contacts with the forum state "imposes a more restrictive requirement than the statutory analysis." *Nw. Aircraft Cap. Corp. v. Stewart*, 842 So. 2d 190, 193 (Fla. 5th DCA 2003).

When challenging the allegations supporting personal jurisdiction by claiming a lack of minimum contacts with the state, a defendant must file an affidavit or other sworn proof supporting his position contesting a plaintiff's allegations of jurisdiction. *See Wartski v. Sencer*, 615 So. 2d 794, 796 (Fla. 5th DCA 1993). "The burden is then on the plaintiff to show by affidavit the basis upon which jurisdiction may be obtained." *Id.*

Here, we conclude the record before us fails to present sufficient facts that would permit the trial court to exercise personal jurisdiction over Suleymanov and adjudicate the claims

brought against him by Winston Premier and Umarov. It has not been demonstrated that Suleymanov engaged in substantial and not isolated activities within Florida necessary to vest the court with personal jurisdiction over him. *See Venetian Salami Co.*, 554 So. 2d at 503 ("[W]e do not believe that the mere failure to pay money in Florida, standing alone, would suffice to obtain jurisdiction over a nonresident defendant."); *accord Wartski*, 615 So. 2d at 796 n.2; *see also Rautenberg v. Falz*, 193 So. 3d 924, 931 (Fla. 2d DCA 2016).

Accordingly, we reverse the final judgment entered below and remand the case to the trial court with instructions to dismiss the case for want of personal jurisdiction over Suleymanov.

REVERSED and REMANDED with instructions to dismiss the case.


EDWARDS, SOUD, and KILBANE, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____