467 So.2d 471 (1985)
TENNESSEE FARMERS MUTUAL INSURANCE COMPANY, Appellant,
v.
Sheliah MEADOR, Appellee.
No. 84-387.
District Court of Appeal of Florida, Fifth District.
April 18, 1985.
*472 Leslie King O'Neal of Markel, McDonough & O'Neal, Orlando, for appellant.
Paul Bernardini of LaRue, Bernardini & Seitz, Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Tennessee Farmers Mutual Insurance Company appeals from an order denying its motion to quash service of process.[1] The facts surrounding this appeal are undisputed.
In November, 1982, Tennessee Farmers issued in Tennessee an automobile insurance policy to Cendy Meador, a Tennessee resident and appellee's sister. Cendy subsequently moved to Florida and after learning of this, Tennessee Farmers notified her by letter dated March 30, 1983, that the policy would not be renewed after May 3, 1983, the date of expiration, because she had moved out of the company's day-to-day operating area. Meanwhile, in March, 1983, appellee moved to this state and began residing with Cendy. On April 15, 1983, appellee was injured while riding in an automobile owned by one Plotts. After unsuccessfully seeking PIP benefits from both Plotts' insurer and Tennessee Farmers, appellee filed the instant action against both companies.
Service of process on Tennessee Farmers was accomplished under section 48.194, Florida Statutes, through a public officer of Tennessee. Tennessee Farmers moved to quash service claiming the Florida court lacked jurisdiction over it as it was a foreign corporation which does not do business in this state. The insurer attached an affidavit of its vice president to this effect. The court denied the motion. The issue is whether a non-resident insurance company is subject to the jurisdiction of a Florida court where:
(1) the insurance company insures a Tennessee resident in Tennessee;
(2) the Tennessee resident moves to Florida and becomes a Florida resident;
(3) after learning that the insured is now a resident of Florida, the insurance company informs her that her policy will not be renewed, but fails to cancel it;
(4) an accident occurs in Florida and a member of the insured's household is injured.
There is no dispute as to the fact that Tennessee Farmers has no offices in Florida nor is it authorized to do business here.
Appellee did not proceed to effect service under section 626.906, Florida Statutes,[2] for obvious reasons. The company has not done any of the acts set out in the statute *473 and the mere fact that the insured resided in this state at the time the claim arose and that Tennessee Farmers knew of this is insufficient to bring the case within the statute. See Drake v. Scharlau, 353 So.2d 961 (Fla. 2d DCA 1978); Parliament Life Ins. Co. v. Eglin National Bank, 333 So.2d 517 (Fla. 1st DCA 1976).
Instead, appellee proceeded to effect service under section 48.194, Florida Statutes,[3] but it is clear that Tennessee Farmers lacks the requisite minimum contacts with this state to subject it to the jurisdiction of our courts. To subject a party to in personam jurisdiction, certain "minimum contacts" within the territory of the forum must be shown so that maintenance of the suit does not "offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed.2d 95 (1945). It has been said that the concept of minimum contacts serves two functions. First, it protects the defendant against the burdens of litigating in a distant or inconvenient forum. Second, it acts to ensure that the States, through their courts, do not reach out beyond the limits imposed on them by their status as co-equal sovereigns in a federal system. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
In Hanson v. Denkla, 357 U.S. 235, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958), the Supreme Court declared that:
The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.
See also Kulko v. Superior Court of California, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978) (unilateral act of mother and children in moving to California does not give California jurisdiction over nonresident father).
Here, Cendy Meador took unilateral action in moving to Florida. Tennessee Farmers, which does not do business in this state, discovered this in March, 1983 and advised her it would not renew her policy when it expired on May 3, 1983. The fact that Tennessee Farmers failed to immediately cancel her policy is not crucial for jurisdictional purposes since from the record it appears that only about five or six weeks remained on the policy after the insurer learned of the move. In any event, to accept the plaintiff's argument that by failing to cancel the policy, Tennessee Farmers has subjected itself to the jurisdiction of Florida courts would mean that a non-resident insurer, immediately upon learning of a policyholder's change of residence to Florida would have to cancel the insurance or risk subjecting itself to the jurisdiction of our courts, solely because of the unilateral action of its policyholder. Not only would such a rule result in chaos to new residents, but there may be situations where the insurer cannot cancel insurance for a change of residence under the laws of its state. Indeed, this appears to be just such a case. See s. XX-X-XXXX, Tenn.Code.
Appellee's reliance on Gillen v. United Service Automobile Ass'n, 300 So.2d 3 (Fla. 1974) and New Jersey Mfrs. Ins. Co. v. Woodward, 456 So.2d 552 (Fla. 3d DCA 1984) as supporting jurisdiction here is entirely misplaced. It is sufficient to say that those cases do not deal with obtaining jurisdiction over a non-resident insurer.
*474 The order denying Tennessee Farmers' motion to quash is reversed. REVERSED and REMANDED.
COBB, C.J., and SHARP, J., concur.
NOTES
[1] Fla.R.App.P. 9.130(a)(3)(C)(i).
[2] This section is entitled "Acts constituting insurance commissioner and treasurer as process agent" and provides:

Any of the following acts in this state, effected by mail or otherwise, by an unauthorized foreign or alien insurer is equivalent to and shall constitute an appointment by such insurer of the insurance commissioner and treasurer, and his successor or successors in office, to be its true and lawful attorney, upon whom may be served all lawful process in any action, suit, or proceeding instituted by or on behalf of an insured or beneficiary, arising out of any such contract of insurance; and any such act shall be signification of the insurer's agreement that such service of process is of the same legal force and validity as personal service of process in this state upon such insurer:
(1) The issuance or delivery of contracts of insurance to residents of this state or to corporations authorized to do business therein;
(2) The solicitation of applications for such contracts;
(3) The collection of premiums, membership fees, assessments or other considerations for such contracts, or
(4) Any other transaction of insurance.
[3] This section provides:

Service of process on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served. No order of court is required. An affidavit of the officer shall be filed, stating the time, manner, and place of service. The court may consider the affidavit, or any other competent evidence, in determining whether service has been properly made.