525 So.2d 991 (1988)
CITIZENS INSURANCE COMPANY OF AMERICA, a Foreign Corporation, Appellant,
v.
Christina BOWMAN, a Minor, by and through Her Father and Natural Guardian, Allen Bowman, and Allen Bowman, Individually, Appellees.
No. 88-206.
District Court of Appeal of Florida, Third District.
May 24, 1988.
Haddad, Josephs & Jack and Denise V. Powers, Coral Gables, for appellant.
Horton, Perse & Ginsberg and Theodore Enfield, Miami, for appellees.
Before NESBITT and DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
In Tennessee Farmers Mutual Insurance Co. v. Meador, 467 So.2d 471 (Fla. 5th DCA 1985), the court held that a Tennessee insurance company which has issued a policy to a Tennessee resident is not subject to the jurisdiction of a Florida court when a member of the resident's household is injured in a Florida accident even though the company, upon learning that the insured has become a Florida resident, does not cancel the policy and instead tells the insured that the policy will not be renewed. In the present case, the trial court, distinguishing Meador, held that the appellant, a Michigan insurance company, is subject to the jurisdiction of a Florida court where the company, despite having learned of Bowman's move to Florida, thereafter renewed the policy.
We agree with the trial court that the insurer's act of reissuing the policy to a known Florida resident  the sole distinction between this case and Meador  is an act which subjects the company to the jurisdiction of the Florida court and the substituted service of process authorized by Section 626.906, Florida Statutes (1987). See also § 626.905, Fla. Stat. (1987). The order under review is, accordingly,
Affirmed.