534 So.2d 836 (1988)
AMERICAN COMMUNITY MUTUAL INSURANCE COMPANY, aPPELLANT,
v.
NAPLES RESEARCH AND COUNSELING CENTER, INC., Appellee.
No. 88-1337.
District Court of Appeal of Florida, Second District.
November 30, 1988.
*837 Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for appellant.
Steven D. Ginsburg of Hayt, Hayt & Landau, Miami, for appellee.
FRANK, Judge.
The resolution of this appeal from an interlocutory order denying American Community Mutual's motion to dismiss turns on the question of in personam jurisdiction: when do the constraints of due process prevent maintenance of a lawsuit against an out-of-state insurer in Florida? The trial court held that American Community Mutual was obligated to defend the action in spite of the fact that the only significant contact between it and this state arose when the insured, Wendy Morris, assigned her rights under the policy to Naples Research and Counseling. We reverse.
Morris, a Michigan resident, had contracted for a policy of insurance with American Community Mutual, an insurance carrier doing business in Michigan. While in Florida Morris sought treatment for an illness at Naples Research and Counseling Center, Inc. and executed an assignment to it of benefits under the policy. Ultimately a dispute erupted between American Community Mutual and Naples Research and Counseling concerning coverage; American Community Mutual declined to pay Morris' bill; and Naples Research and Counseling filed suit in Naples, Florida.
In moving to dismiss the complaint, American Community Mutual established, by affidavits, a number of salient facts. The corporation is not licensed nor does it effect business in Florida, it maintains no offices, employs no personnel, and owns no property, real, personal, or intangible, within the state. The policy in question was a group policy issued to a Michigan corporation under which Peter J. Morris and Wendy Morris, who listed a Michigan address, became insureds. Finally, American Community Mutual averred that it had not entered into any contract with Naples Research and Counseling, nor had it accepted any assignment of benefits under its policy on behalf of Morris.
Naples Research and Counseling asserted the propriety of in personam jurisdiction in Florida based on section 48.193(1)(g), Florida Statutes (1987), our longarm statute, which provides that any person who breaches a contract in this state by failing to perform acts required by the contract to be performed in this state subjects himself to jurisdiction of the Florida courts. Even assuming that Morris' assignment was effective and American Community Mutual breached the contract by its failure to pay, thus arguably subjecting itself to the reach of the longarm statute, see Unger v. Publisher Entry Service, Inc., 513 So.2d 674 (Fla. 5th DCA 1987), due process requires consideration of the extent to which American Community Mutual engaged in minimum contacts in Florida. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
Looking at the record before us we discern only faint deliberate contact between American Community Mutual and Florida. Although American Community Mutual may have breached the contract by denying the benefits assigned by Morris to Naples Research and Counseling, the Supreme *838 Court has recently spoken to this situation: "If the question is whether an individual's contract with an out-of-state policy alone can automatically establish sufficient minimum contacts in the party's home forum, we believe the answer clearly is that it cannot." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528 (1985). Rather, the Burger King court suggests that jurisdictional contact emanates from the course of dealings between the parties; "prior negotiations and contemplated future consequences, along with the terms of the contract," are appropriate factors to evaluate in determining the existence of minimum contacts. 471 U.S. at 479, 105 S.Ct. at 2185.
Naples Research and Counseling has been unable to pinpoint any dealings with American Community Mutual indicating it anticipated being forced to defend litigation in Florida. The inescapable fact is that it was Morris, the insured and codefendant, who created the circumstance leading to consequences for American Community Mutual in Florida. As was stated in Pacific Telephone and Telegraph Co. v. Geist, 505 So.2d 1388, 1390 (Fla. 5th DCA 1987), "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State" (citing Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-1240, 2 L.Ed.2d 1283 (1958)). Even though a Michigan insurance company might foresee that its insured would travel to Florida or elsewhere to receive treatment covered by its policy, the predominant theme of World-Wide Volkswagen  and the hallmark of due process  is that mere foreseeability has never been enough to confer personal jurisdiction.
Accordingly, we reverse the order denying American Community Mutual's motion to dismiss and remand with direction that the trial court dismiss American Community Mutual as a party.
HALL and PARKER, JJ., concur.