PATTERSON, Judge.
This is an appeal from a non-final order denying the Appellant’s Motion to Quash Process, Service of Process, and to Dismiss.
Appellant, Alexander & Alexander of the Carolinas, Inc., “Alexander”, is a North Carolina corporation which procures insurance contracts for its clients. It is an insurance agency, not an insurance company. Appellee, Northwest Oxygen, Inc., “Northwest”, is also a North Carolina corporation which sells and services medical equipment and maintains its home office in Tampa, Florida. Northwest was previously home based in North Carolina and entered into its business relationship with Alexander there.
In January, 1987, a Northwest owned vehicle was burglarized in Hillsborough County resulting in the theft of equipment valued at $40,000.00. The insurance policy which Alexander had procured for Northwest covered only one-half of the loss. Northwest brought suit against Alexander in Hillsborough County, asserting Alexander was negligent in the procurement of the policy and having violated a fiduciary duty owed to Northwest. The amended complaint contains a bare assertion that Alexander does business in Hillsborough County, and as required by Florida Rule of Civil Procedure 1.070(i), a reference to section 48.193(l)(d), Florida Statutes (1987), as the basis for service on a non-resident. Northwest did not perfect service of process pursuant to section 48.194, Florida Statutes, as is contemplated by section 48.-193, but rather served the Secretary of State pursuant to section 48.161. Northwest apparently relied on section 48.181, Florida Statutes, rather than section 48.-193(l)(d). Alexander attacked personal jurisdiction by way of an appropriate motion which was denied.
We reverse and direct the trial court to enter an order dismissing the action.
The record reflects that the subject insurance policy was procured for Northwest when Northwest’s home office was in North Carolina. Although Alexander continued to service the policy after Northwest moved to Florida, Alexander advised Northwest that it would not renew the policy and that Northwest should find an insurance agent in Florida. It is clear that Alexander did not do business in Florida and had no intent to begin. Service of process pursuant to section 48.181, Florida Statutes, was not authorized. Likewise, service would not be proper under any provision of section 48.193. As an insurance agency, Alexander did not insure a risk within the State of Florida, but rather brought Northwest together with an insurance company that did. If a tort was committed in the procurement of the policy, that tort was committed at the time the insurance policy was obtained in North *1240 Carolina and both parties were North Carolina residents. This is clearly a dispute between two North Carolina corporations; Alexander has no minimum contacts with the State of Florida which can support the exercise of Florida court jurisdiction. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286,100 S.Ct. 559, 62 L.Ed.2d 490 (1980); South Carolina Insurance Guaranty Association v. Underwood, 527 So.2d 931 (Fla. 5th DCA 1988).
REVERSED and REMANDED.
DANAHY, A.C.J., and LEHAN, J., concur.