614 So.2d 1180 (1993)
Robert Vernon BOOKMAN, Appellant,
v.
KAH INCORPORATED, INC., as the successor in interest to Meridian Investments, Inc., and Hudson Group Administrators, Inc., Appellees.
No. 92-1134.
District Court of Appeal of Florida, First District.
February 19, 1993.
*1181 Robert O. Stripling, Jr. and Alan R. McMichael, of Stripling & McMichael, P.A., Gainesville, for appellant.
Barry D. Graves of Ritch & Graves, P.A., Gainesville, for appellee KAH Incorporated, Inc. and Meridian Investments, Inc.
James E. Cobb and William J. Scott of Peek & Cobb, P.A., Jacksonville, for appellee Hudson Group Administrators, Inc.
SMITH, Judge.
Bookman appeals final orders dismissing his second amended complaint against appellees for lack of personal jurisdiction. We agree with the well-reasoned opinion of the trial judge that due process precludes the exercise of in personam jurisdiction over appellees by a Florida court because their contacts with Florida were not the result of purposeful conduct.
The undisputed facts in this case are set forth in the trial court's order and are quoted below:
Until early November 1988, Third-Party Plaintiff, BOOKMAN, was employed in Virginia by Hallmark Acura, a subsidiary of MERIDIAN INVESTMENTS, INC., whose home office is in Virginia. Neither MERIDIAN nor Hallmark has offices in Florida, maintains employees in Florida, or solicits business in Florida. MERIDIAN provided its Virginia employees with a health benefit plan that was administered by HUDSON GROUP ADMINISTRATORS, INC., whose home office is in Virginia. HUDSON does not maintain any offices in Florida, nor is it authorized to conduct business in Florida.
Third-Party Defendant, BOOKMAN, retired from his employment with MERIDIAN on or about November 4, 1988. The [Consolidated] Omnibus Budget Reconciliation Act (COBRA) required employer MERIDIAN to provide retiree BOOKMAN with continuing health care coverage for a period of time should retiree BOOKMAN so elect. In an application, BOOKMAN'S residence is listed as Virginia. Subsequent to his retirement, BOOKMAN moved to Florida and incurred medical expenses at the HCA North Florida Medical Center. HUDSON paid for some of these medical expenses, but denied others. HCA North Florida Medical Center obtained a judgment against BOOKMAN for the unpaid medical expenses. BOOKMAN is now seeking a judgment against MERIDIAN, HUDSON and KAH, INCORPORATED, as the successor in interest to MERIDIAN, for these same medical expenses.
Bookman has advanced two statutory bases for jurisdiction: (1) Florida's long-arm statute, section 48.193(1)(d), (g), Florida Statutes; and (2) the Unauthorized Insurer's Process Law (UIPL), sections 626.905 and 626.906, Florida Statutes. The trial court agreed that Bookman's third-party complaint sufficiently alleged jurisdictional facts bringing the action within Florida's long-arm statute. However, the trial court found that the long-arm statute could not expand the reach of Florida's in personam jurisdiction beyond the constitutional limits of due process. He concluded that to subject appellees to Florida jurisdiction would violate due process because appellees' insurance relationship with Bookman in Florida was compelled by COBRA and Bookman's unilateral election to move to Florida, and appellees had not purposefully availed themselves of the privilege of conducting activities in Florida. This conclusion of the trial court is supported by the *1182 facts and case law, both federal and state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989); Alexander & Alexander of the Carolinas, Inc. v. Northwest Oxygen, Inc., 541 So.2d 1238 (Fla. 2d DCA 1989); and American Community Mutual Insurance Co. v. Naples Research and Counseling Center, Inc., 534 So.2d 836 (Fla. 2d DCA 1988).
According to this established case law, due process requires that in order to subject nonresident defendants to in personam jurisdiction in Florida, the defendants must have certain minimum contacts with Florida such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. It is essential that there be some act by which the defendants purposefully avail themselves of the privilege of conducting activities in Florida, thus reaping the benefit and protection of its laws. Bookman cannot establish the necessary minimum contacts with Florida through his own unilateral activities.
Nevertheless, Bookman contends that in personam jurisdiction in this case can be predicated upon section 626.906, despite the fact that the statute only applies to policies held by Florida residents which are issued and delivered to them in Florida,[1] because appellees renewed Bookman's insurance policy after he moved to Florida. First of Georgia Ins. Co. v. Lloyd, 557 So.2d 138 (Fla. 3d DCA 1990) (increasing coverage and collecting premium for additional coverage after insured, with knowledge of insurer, became Florida resident was sufficient to establish jurisdiction, and authorize service under UIPL) and Citizens Ins. Co. of America v. Bowman, 525 So.2d 991 (Fla. 3d DCA 1988) (nonresident corporation subject to Florida jurisdiction when the company renewed insurance policy after learning that insured moved to Florida). As support for this contention, Bookman states that after he moved to Florida he received a letter from someone in benefits administration on May 17, 1989 advising him of an increase in premium rates effective July 1, 1989. Bookman alleges that he paid these increased premiums. Bookman states that he sent his premium payments from Florida, using a Florida bank account.
The UIPL was enacted in order to subject certain insurers, not authorized to do business in this state, to Florida jurisdiction in suits by or on behalf of insureds or beneficiaries under insurance contracts issued or delivered in this state. The doing of any one of certain acts by the unauthorized insurer, which are enumerated in section 626.906, constitutes the appointment by the insurer of the Insurance Commissioner of Florida as its agent for service of process in any action arising out of the insurance contract.
Before addressing the merits of Bookman's argument, it is necessary to resolve the question whether the UIPL affords a basis for in personam jurisdiction independent of the due process requirements set forth in the cases cited above. We hold that it does not, and that the UIPL, like the Florida long-arm statute, cannot expand the reach of in personam jurisdiction beyond the constitutional limits of due process.
In Parmalee v. Iowa State Traveling Men's Ass'n, 206 F.2d 518 (5th Cir.1953), cert. denied, 346 U.S. 877, 98 L.Ed. 384, 74 S.Ct. 125, 44 A.L.R.2d 410, the beneficiary of a life insurance policy brought an action for death benefits against an unauthorized insurer, and the insurer resisted jurisdiction on due process grounds, contending it was not doing business in Florida. The insurer was domiciled in Iowa, and from there operated an insurance business by mail, in the process of which it issued and delivered an insurance contract to the deceased, a Florida resident. Analyzing sections 625.28-625.33, Florida Statutes, (later *1183 renumbered to sections 626.904-626.912) the court upheld the constitutionality of the UIPL, finding that it did not offend traditional notions of fair play and substantial justice, and that the minimum contacts which the legislature recognized in the UIPL, from which result the creation and continuance in existence of an insurance contract until it becomes a potential claim, were sufficient to subject the unauthorized insurer to suit upon the insurance contract. We find Parmalee to be particularly instructive as the court implicitly recognized in deciding the case that the UIPL, as well as the facts of each case brought under the statute, must pass constitutional muster in order to permit the acquisition of in personam jurisdiction over nonresident defendants. In short, due process considerations apply to the UIPL.
Due process requires that in looking at the existence of minimum contacts, which are built into section 626.906, Florida Statutes, an evaluation be made whether these contacts were the result of deliberate and purposeful action on the part of the insurer, or whether these contacts were compelled by unilateral actions of the insured or were created by circumstances over which the insurer had no control.
Returning to the argument advanced by Bookman, that the letter of May 17, 1989 constituted a renewal of the insurance contract in Florida,[2] we hold that even if the extension could be construed as constituting a renewal synonymous with the issuance of a policy in Florida, appellees cannot be subjected to in personam jurisdiction because they did not purposefully avail themselves of the opportunity to do business in Florida, since even this offer of extension was compelled by COBRA. This lack of purposeful availment distinguishes this case from McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), upon which Bookman also relies, because in that case, the Texas life insurance company voluntarily offered to reinsure the California resident. Purposeful availment was present in McGee where it is not present in this case.
AFFIRMED.
ALLEN and WOLF, JJ., concur.
NOTES
[1] Parliament Life Ins. Co. v. Eglin Nat'l Bank, 333 So.2d 517 (Fla. 1st DCA 1976); see also Parmalee v. Commercial Travelers Mut. Acc. Ass'n of America, 206 F.2d 523 (5th Cir.1953).
[2] Bookman has not cited any case holding that a letter, similar in nature and effect constitutes a renewal.