JORGENSON, Judge.
Hassneh Insurance Company of Israel appeals from a non-final order denying its motion to quash service of process for lack of personal jurisdiction. For the reasons that follow, we reverse.
Plastigone Technologies is a Florida corporation that serves as the distributor of a mulch manufactured in Israel by Plastopil and Poleg, two Israeli companies. Pursuant to their contract with Plastigone, the Israeli manufacturers agreed to indemnify Plasti-gone against any claims related to the mulch technology or products, and were obliged to maintain satisfactory product liability insurance. The manufacturers procured coverage from Hassneh. In a vendor’s endorsement, the policy between Hassneh and the manufacturers was extended to indemnify “the person or organization named hereunder” with respect to the distribution or sale of the product. At the end of the endorsement, Hassneh identified the vendor as “Plastigone Technologies, Inc.” and listed its Miami address.
Mulch manufactured by the Israeli companies was allegedly defective, and resulted in claims by Florida farmers against Plastigone. Plastigone sued Hassneh for indemnification, and alleged that the Israeli companies had refused to indemnify Plastigone. Plastigone demanded that Hassneh provide coverage and a defense. Plastigone served Hassneh pursuant to section 626.906, Florida Statutes (1991).[1] As to jurisdiction, Plastigone alleged that Hassneh had transacted insurance within Florida by issuing policies containing vendor’s endorsements for the benefit of Plastigone listing Plastigone’s address in Miami, and had issued the policies to the Israeli manufacturers knowing that a risk of harm to a Florida corporation was foreseeable.
Hassneh moved to quash service of process, alleging that it was not subject to service pursuant to section 626.906 and that it lacked sufficient minimum contacts with Florida to establish in personam jurisdiction. In support of its motion, Hassneh filed affidavits averring that it is an Israeli corporation; that it is not licensed to do business in *1225 Florida and has no agent, offices, or employees in Florida; that it does not solicit or engage in any business in Florida or own, sell, or lease any tangible or intangible property in Florida; that the policies and endorsements referred to in Plastigone’s complaint were issued in Israel to Israeli companies; that Hassneh has no contractual relationship with Plastigone, and has never engaged in any negotiations in Florida. The trial court denied Hassneh’s motion to quash service of process; Hassneh appeals.
Hassneh is not subject to service of process pursuant to section 626.906, which applies only to insurers that issue policies “held by Florida residents which are issued and delivered to them in Florida.” Bookman v. KAH Incorporated, Inc., 614 So.2d 1180, 1182 (Fla. 1st DCA1993) (citations omitted). See also Parliament Life Ins. Co. v. Elgin Nat’l Bank, 333 So.2d 517, 518 (Fla. 1st DCA1976) (to be subject to service pursuant to section 626.906, insurer must issue and deliver contract in Florida; fact that insured is resident of Florida is not sufficient in itself to bring insurer within purview of statute). Compare First of Georgia Ins. Co. v. Lloyd, 557 So.2d 138 (Fla. 3d DCA1990) (Georgia insurance company that increased coverage on insured vehicle and collected additional premium from insured after learning that insured had moved to Florida subject to service of process under section 626.906). It is uncontroverted that Hassneh issued and delivered the policies to the Israeli companies in Israel. The policy’s identification of a Florida corporation in its vendor’s endorsement is not sufficient to bring Hassneh within the ambit of section 626.906. Accordingly, the trial court erred in denying the motion to quash service of process.
To determine whether in personam jurisdiction lies over a foreign defendant, the court must determine compliance with both the Florida statute pursuant to which service was obtained and the constitutional due process test of minimum contacts. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). Even if service of process could be effected pursuant to section 626.906, Hassneh does not have sufficient minimum contacts with Florida to subject it to in per-sonam jurisdiction without offending traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The mere risk of loss in a forum, even if foreseeable, is not sufficient to subject a foreign defendant to personal jurisdiction. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Meyer v. Auto Club Insurance Ass’n, 492 So.2d 1314 (Fla.1986) (insurer that maintained no office in Florida and did not solicit business in Florida not subject to personal jurisdiction in Florida even in light of foreseeable risk of loss to insured who became Florida resident after accident that gave rise to claim). Hassneh’s risk of loss through Plastigone, a Florida resident, although foreseeable, was not sufficient to establish the necessary minimum contacts.
Accordingly, we reverse and remand with directions to quash service of process.
LEVY, J., concurs.

. Section 626.906, Florida Statutes provides, in pertinent part: "Any of the following acts in this state, effected by mail or otherwise, by an unauthorized foreign insurer, alien insurer, or person representing or aiding such an insurer is equivalent to and shall constitute an appointment by such insurer ... of the Insurance Commissioner and Treasurer ... to be its true and lawful attorney, upon whom may be served all lawful process in any action ... instituted by or on behalf of an insured or beneficiary, arising out of any such contract of insurance; and any such act shall be signification of the insurer's ... agreement that such service of process is of the same legal force and validity as personal service of process in this state upon such insurer ...:
(1) The issuance or delivery of contracts of insurance to residents of this state or to corporations authorized to do business therein;
(2) The solicitation of applications for such contracts;
(3) The collection of premiums, membership fees, assessments, or other considerations for such contracts; or
(4) Any other transaction of insurance, (emphasis added)