FERGUSON, Judge
(dissenting).
In my view the trial court was eminently correct in finding that Hassneh Insurance had submitted to the jurisdiction of Florida courts.
The simple question presented is whether an Israeli insurer had transacted business in the state, as defined in Florida law, for the purpose of jurisdiction in the Florida court where it extended vendor indemnity coverage to a Florida corporation, at its Florida address, to cover risks of harm that could occur in Florida.
Hassneh’s policy with its insured manufacturers, Plastopil and Poleg, provided coverage to the appellee-vendor:
[T]his policy is extended to indemnify the person or organization designated hereunder (hereinafter the Vendor):
VENDOR: PLASTIGONE TECHNOLOGIES, INC. P.O. BOX 165613 MIAMI, FL 33176 U.S.A.
According to section 624.10, Florida Statutes (1991), a transaction of insurance includes the “[ejffectuation of a contract of *1226 insurance” and the “[t]ransaction of matters subsequent to effectuation of a contract of insurance and arising out of it.” Under section 626.906, Florida Statutes (1991), which governs this dispute, “[a]ny of the following acts in this state, effected by mail or otherwise, ... shall be signification of the [foreign insurer’s] agreement” to service of process upon the Insurance Commissioner: “(1) [t]he issuance or delivery of contracts of insurance to residents of this state or to corporations authorized to do business therein” and “(4) [a]ny other transaction of insurance.”
This court’s opinion in Citizens Ins. Co. of Am. v. Bowman, 525 So.2d 991 (Fla. 3d DCA1988), is persuasive. There we held, citing sections 626.905 and 626.906, that the insurer’s act of reissuing a policy to a known Florida resident subjected the insurer to the jurisdiction of Florida and substitute service of process as provided by statute. It is not a significant distinction, as appellant argues, that Bowman involved a reissuance rather than an original issuance.
Hassneh’s constitutional argument is similarly lacking in merit. In McGee v. Int’l Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), the United States Supreme Court held that a state has a manifest interest in providing effective means of redress for its residents when their insurers refuse to pay claims. Further it held, “[t]hese residents would be at a severe disadvantage if they were forced to follow the insurance company to a distant State in order to hold it legally accountable.” 355 U.S. at 223, 78 S.Ct. at 201. See Olivier v. Merritt Dredging Co., 979 F.2d 827, 833 (11th Cir.1992) (Since the Supreme Court’s decision in McGee, it has been the law that a company with insurance obligations in a state in which it has no other business has submitted to the jurisdiction of the state’s courts.) It is not a distinguishing factor, as Hassneh contends, that the insurance premium was paid by the insured in McGee and in this case was paid by a third party pursuant to the terms of a manufacturer-vendor contract.
I would affirm.