DELL, Chief Judge.
Blue Cross and Blue Shield of Delaware (Blue Cross), a foreign corporation, appeals from a non-final order denying its motion to dismiss appellee’s amended complaint for lack of in personam jurisdiction. We have jurisdiction pursuant to rule 9.130(a)(3)(C)(i), Florida Rules of Appellate Procedure.
This appeal arises from appellee National Alcoholism Programs/Cooper City, Florida, Inc., d/b/a/ High Point’s (High Point) suit against Blue Cross for, inter alia, recovery of the cost of medical services rendered by High Point to a patient insured by Blue Cross and treated at High Point’s inpatient medical facility. Blue Cross successfully moved to dismiss High Point’s initial complaint for failure to allege sufficient jurisdictional facts to allow the trial court to acquire in personam jurisdiction over the foreign defendant. Thereafter, High Point filed an amended complaint. Blue Cross again moved to dismiss for lack of in personam jurisdiction. The transcript of the hearing on the motion to dismiss the amended complaint shows that the trial court considered the amended complaint, the affidavits filed in support and opposition to the motion to dismiss and other documentation offered by High Point on the issue of jurisdiction.
The amended complaint, affidavits and other documentation offered by High Point set forth the following facts in support of jurisdiction: A Delaware member of Blue Cross’s network of physicians referred the patient to High Point for medical treatment. Before the patient’s admission to High Point’s facility, High Point contacted Blue Cross on several occasions and received verification of the patient’s coverage with Blue Cross. Blue Cross confirmed that it would pay for such treatment, and no representative of Blue Cross advised High Point that it would not pay for the patient’s treatment. High Point stated that it would not have rendered treatment absent Blue Cross’s assurances.
Blue Cross also directed High Point to obtain precertification of medical necessity for the patient’s admission from Intracorp, Inc., a Florida corporation. Intracorp pre-certified the patient’s treatment and provided High Point with precertification numbers. Blue Cross further instructed High Point to bill Blue Cross and Blue Shield of Florida directly concerning this insured. The Delaware insurer utilized the Florida Blue Cross entity for the purposes of processing and paying claims incurred within this state, pursuant to a contract in the possession of Blue Cross entered into by the two insurers. High Point also presented evidence regarding a course of dealings between the parties. Additionally, High Point submitted a written agreement between High Point and Blue Cross and Blue Shield of Florida for payment of covered services performed at High Point’s facility.
On the other hand, Blue Cross presented the following in opposition to High Point’s claim of jurisdiction: Blue Cross maintained no offices, agents, or employees in Florida, it was not registered with the Secretary of State or the Department of Insurance, nor was it authorized to do business in this state. The insurance policy at issue was executed in Delaware and provided benefits to a Delaware resident employed by the State of Delaware. Neither Blue Cross nor its agents gave permission for High Point to admit the patient. Although Blue Cross had advised High Point to obtain precertification, High Point failed to do so, and in a supporting *233 affidavit, Blue Cross rebutted any assertion to the contrary:
[Blue Gross] never issued pre-certification for the admission that is the subject matter of this action. Pre-certification numbers listed by [High Point] in paragraph 4 of the Amended Complaint do not correlate with the numbering system of [Blue Cross’s] pre-certification process. The numbers do appear to be case numbers that correlate with those issued by Intra-eorp, but such numbers are customarily assigned merely upon initial phone contact. However, they absolutely do not constitute pre-certification numbers.
Blue Cross denied any contractual relationship with Blue Cross and Blue Shield of Florida. However, it acknowledged that “customarily it will advise an inquiry provider to submit bills directly to the local Blue Cross plan if that provider has a direct contractual relationship with the Blue Cross plan in the state where the provider is located.” (emphasis added). Blue Cross maintained, however, that the giving of such information was not an authorization or precertifi-cation of treatment. Blue Cross further denied any assertion of a continuous course of dealing with High Point, stating that before High Point filed its complaint, it had communicated with High Point regarding only one other patient. Blue Cross claims, for the first time on appeal, that Intracorp is not a Florida corporation.
Blue Cross contends that its actions in this forum do not justify an assertion of in per-sonam jurisdiction because it did not perform any enumerated act under the Florida long-arm statute and it lacked the sufficient minimum contacts within this state to satisfy the constitutional requirement of due process. Blue Cross argues that the relevant provisions of the Florida long-arm statute, sections 48.193(l)(a), (d) and (g), Florida Statutes (1991), were not met because it had no office or agency in this state and did not conduct business in this state; the insurance contract was executed in Delaware and insured a Delaware resident; and it did not breach a contract, oral or written, within this state. Blue Cross further argues that at most jurisdiction rested upon its mere failure to pay for its insured’s medical bills incurred in this state, and the exercise of personal jurisdiction on that basis alone violates due process notions. See Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989).
Blue Cross relies on several cases wherein the courts of this state determined that no personal jurisdiction existed over a foreign insurance carrier. We conclude that these cases are distinguishable from the instant case. In Bookman v. KAH Incorporated, Inc., 614 So.2d 1180 (Fla. 1st DCA 1993), a health care provider obtained a judgment against the insured, who then sued the insurance company in Florida for payment of the medical expenses incurred. The insured, a Virginia resident, unilaterally sought treatment in Florida after he elected to retire in this state. The Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) required the out-of-state insurer to continue his coverage in this state. In contrast, High Point claims a Delaware Blue Cross Plan physician referred the patient to its Florida facility, Blue Cross required High Point to obtain precertification from Intracorp, a Florida corporation, and Blue Cross processed the patient’s claim through Blue Cross and Blue Shield of Florida. Under such circumstances, the referral of the patient to a Florida facility by a plan physician would not constitute unilateral activity on the part of the insured. Furthermore, sub judi-ce, COBRA did not compel Blue Cross to extend coverage to the patient.
Blue Cross likewise misplaces its reliance on American Community Mutual Insurance Company v. Naples Research and Counseling Center, Inc., 534 So.2d 836 (Fla. 2d DCA 1988), where the only contact the foreign insurance carrier had with this state was its insured’s assignment of her rights under the policy to a Florida health care facility and the carrier’s alleged breach of a contract for failure to pay the claim. Neither circumstance, alone or in tandem, established sufficient minimum contacts to acquire in person-am jurisdiction over the nonresident defendant. The facts asserted by High Point in its amended complaint, if proven, demonstrate that Blue Cross’s activity in this forum extended far beyond assignment of a claim and *234 mere payment in this forum. Thus, we find National Alcoholism Programs/Cooper City, Florida, Inc. d/b/a High Point v. Blue Cross-Blue Shield of Rhode Island, 622 So.2d 137 (Fla. 4th DCA 1993), similarly distinguishable upon its facts. As explained in the concurring opinion, the out-of-state health insurer did not purposefully avail itself of the privilege of carrying on business activities in Florida “merely by paying” the- local medical services provider. Id. at 137 (Farmer, J., concurring).
In Venetian Salami the supreme court approved of the observation made by the Fifth District Court of Appeal in Unger v. Publisher Entry Service, Inc., 513 So.2d 674, 675 (Fla. 5th DCA 1987), rev. denied, 520 So.2d 586 (Fla.1988):
In determining whether long-arm jurisdiction is appropriate in a given case, two inquiries must be made. First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute; and if it does, the next inquiry is whether sufficient “minimum contacts” are demonstrated to satisfy due process requirements.
Venetian Salami 554 So.2d at 502. In our view, the allegations of the amended complaint, the supporting affidavits and other documentary evidence satisfy both levels of the jurisdictional analysis. As previously stated, it is alleged that a Delaware physician, a member of Blue Cross’s network of physicians, referred the patient to High Point for treatment, that Blue Cross directed High Point to seek precertification from In-tracorp, a Florida corporation, and instructed High Point to process its claim through Blue Cross and Blue Shield of Florida, its Florida agent acting pursuant to a written contract with Blue Cross, and that High Point complied with the directives of Blue Cross and its Florida agent. Under such circumstances “the maintenance of the suit does not offend ‘traditional notions of fair play and substantial justice,’” and Blue Cross should have reasonably anticipated being haled into the courts of this state if it faded to pay for treatment that it precertified through its Florida agents. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).
We recognize that the trial court considered the pleadings, affidavits and documentary evidence; however, the conflict created by the opposing affidavits requires us to remand this case for an evidentiary hearing. See Venetian Salami 554 So.2d at 503; Doe v. Thompson, 620 So.2d 1004, 1005 (Fla.1993).
Accordingly, we reverse the trial court’s order denying Blue Cross’s motion to dismiss High Point’s amended complaint and remand this cause for an evidentiary hearing on the issue of jurisdiction and for such further proceedings as may be consistent herewith.
REVERSED and REMANDED.
HERSEY and STEVENSON, JJ., concur.