GRIFFIN, Judge.
Shelter Mutual Insurance [“Shelter”], a defendant below, appeals the order of the lower court denying its Motion To Dismiss for Lack of In Personam Jurisdiction. Because we conclude that there is no basis under Florida law for in personam jurisdiction over Shelter and that the facts do not meet the constitutional threshold of minimum contacts,[1] we reverse.
The appellee, James Mark Frederick, was in an automobile accident in Florida on April 17, 1992. He was insured by Shelter, a Missouri corporation. Frederick had purchased his Shelter policy in Kansas, where he was residing at the time the policy was issued. At the time of the accident, he was driving on a Kansas license. Frederick sued Shelter in Florida claiming that he was entitled to underinsured motorist benefits under the Shelter policy.
In his unsworn complaint, Frederick alleged as his basis for jurisdiction that Shelter was an insurance company doing business in Florida.[2] Shelter moved to dismiss for lack of personal jurisdiction, and submitted an affidavit, the insurance policy, and other documents to show that it was not organized under Florida law, was not authorized to do business in Florida and was not conducting business in Florida. The record reflects that Shelter is authorized to write insurance in twenty-four states, but not Florida.
Frederick’s policy was renewable every six months and, before the accident, had last been renewed on January 17, 1992. The renewal policy and billings were sent to Frederick in Kansas. Shelter’s affidavit averred that: “SHELTER had no information prior to April 17, 1992 that Frederick had changed his residence from 1228 Martin Avenue, Salina, KS 67401.”
In response to Shelter’s motion to dismiss for lack of jurisdiction, Frederick filed an opposing affidavit which stated that:
*657 1. He moved from Kansas to Florida in December 1991.
2. Before moving, he notified his agent and advised him he was moving to Florida and then would be moving to Texas or Oklahoma.
3. His agent told him there would be no problem with his insurance and he should not make any changes until he arrived in Texas or Oklahoma.
4. His collision with Lusis occurred on April 17, 1992, in Florida “as [he] was preparing to move to Texas.”
Shelter then took Frederick’s deposition, which fleshed out these facts: Frederick was moving to Texas to work as a manufacturer’s representative for a company called Endolap in Texas and Oklahoma. He accepted this position while living in Kansas. Since Endo-lap’s product line was not completely finished at the time, he decided to come to Florida for “a short time.” When he talked to his insurance agent in late October 1991, he told him he was “going to Texas to live.” He told him he was first going to Florida but he should “only be in Florida for a little while.” Frederick came to Florida in December 1991 and stayed with a friend. He traveled back to Kansas at least once. Frederick claims he can’t remember whether he was in Kansas or Florida when he received his premium bill, nor could he remember whether he paid it with his Florida checking account or his Kansas checking account.
In January 1992, he learned it would be longer before Endolap would be ready to start so, to avoid imposing upon his friend any longer, he moved into an apartment. Frederick’s only communication with Shelter was the one conversation with the agent in October 1991. He was scheduled to depart for Texas on April 18, 1992 — the day after the accident in question.
Two Florida statutes provide a possible basis for in personam jurisdiction over an out-of-state insurer: section 626.906, Florida Statutes,[3] which specifically pertains to unauthorized out-of-state insurers, and the more general section 48.193, Florida Statutes.[4] In his complaint, Frederick only alleged “doing business” as the basis for jurisdiction. On appeal, he urges that section 48.193(l)(d) also is applicable. In addition, the federal constitutional threshold of “minimum contacts” with the forum where the action is brought must be met as well. Hassneh Ins. Co. of Israel, Ltd. v. Plastigone Technologies, Inc., 623 So.2d 1223 (Fla. 3d DCA 1993), review denied, 634 So.2d 626 (Fla.1994); Tennessee Farmers Mut. Ins. Co. v. Meador, 467 So.2d 471 (Fla. 6th DCA 1985); Kentucky Farm Bureau Mut. Ins. Co. v. Mills, 367 So.2d 673 *658 (Fla. 2d DCA), cert. denied, 376 So.2d 74 (Fla.1979); Drake v. Scharlau, 353 So.2d 961 (Fla. 2d DCA 1978).
In Drake v. Scharlau, 353 So.2d 961 (Fla. 2d DCA 1978), the Second District outlined the procedure to be followed in determining in personam jurisdiction:
When jurisdiction has been adequately challenged by the defendant by affidavit or other competent evidence, the plaintiff must then sustain its claims by affidavit or other proof and not just by reiteration of the unsworn allegations of the complaint. In other words, if the defendant establishes a prima facie showing by way of affidavit that the defendant’s conduct and actions did not make it amenable to service of process, then the burden shifts to the plaintiff to support the allegations of its complaint by way of evidence in opposition to the defendant’s affidavit. See Dublin Company v. Peninsular Supply Company, 309 So.2d 207 (Fla. 4th DCA 1975) and the cases cited therein; see also Elmex Corporation v. Atlantic Federal Savings and Loan Association of Fort Lauderdale, 325 So.2d 58 (Fla. 4th DCA 1976).
Id. at 965.
In this case, Shelter adequately challenged the jurisdiction of the court by affidavit. In response, Frederick submitted his own affidavit. The question thus becomes whether Frederick’s act of informing the agent in Kansas that he was going to Florida for a little while and Shelter’s subsequent renewal of the policy while he was located in Florida constitute an adequate basis for in personam jurisdiction.[5]
In Parliament Life Insurance Co. v. Eglin National Bank, 333 So.2d 517, 518 (Fla. 1st DCA 1976), the First District held that, to be subject to service pursuant to section 626.906, the insurer must issue and deliver the contract in Florida. The court held the fact that the insured is a known resident of Florida is not sufficient in itself to bring the insurer within the purview of the statute.
Two years later, the Second District decided Drake. In Drake, the plaintiff attempted to serve Beacon Insurance under section 626.906. The Second District, relying upon Parliament, held that Beacon Insurance could not be reached under the statute because, although the insured, Drake, was a Florida resident, Beacon Insurance was an Ohio company, and it did not issue or deliver any policy of insurance to Drake in Florida. The Drake court also went on to say that Beacon Insurance did not have the requisite minimum contacts with Florida which would subject it to the jurisdiction of the Florida courts without offending the fundamental due process guarantees of fair play and substantial justice required by International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
Next, the Fourth District, in Kanawha Insurance Co. v. Morrison, 394 So.2d 1147 (Fla. 4th DCA 1981), citing the foregoing cases, held:
Payment of premiums for life insurance by mail from Florida to a foreign insurer is similarly insufficient to justify in personam jurisdiction over the foreign insurer. That aspect of Section 626.906 Florida Statutes (1979) refers to and its effect is limited to a situation where the insurance contract is entered into or delivered in the State of Florida.
Id. at 1147.
In Tennessee Fanners Mutual Insurance, the insurer had issued in Tennessee an automobile insurance policy to Meador, a Tennessee resident. Meador later moved to Florida. After learning of this, Tennessee Farmers notified Meador that the policy would not be renewed. Before the policy expired, Mea-dor was injured. This court, relying upon Parliament Life Insurance and Drake, noted that Meador did not try to serve, and could not have served, Tennessee Farmers under section 626.906 because Tennessee Farmers’ knowledge of Meador’s Florida residency was insufficient to bring the case within the statute. Meador also tried to get jurisdiction over Tennessee Farmers under sections 48.193-194. This court said that could not *659 be done either because Tennessee Farmers lacked the requisite minimum contacts with this state to subject it to the jurisdiction of Florida courts:
To subject a party to in personam jurisdiction, certain “minimum contacts” within the territory of the forum must be shown so that maintenance of the suit does not “offend traditional notions of fair play and substantial justice.” International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). It has been said that the concept of minimum contacts serves two functions. First, it protects the defendant against the burdens of litigating in a distant or inconvenient forum. Second, it acts to ensure that the States, through their courts, do not reach out beyond the limits imposed on them by their status as co-equal sovereigns in a federal system. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
Meador, 467 So.2d at 473.
The Third District appears to have deviated from this path somewhat in two cases on which Frederick principally relies. In Citizens Insurance Co. v. Bowman, 525 So.2d 991 (Fla. 3d DCA 1988), the court held that the Michigan insurer’s act of reissuing the policy to a known Florida resident was an act which subjected the company to the jurisdiction of Florida courts and the substituted service of process authorized by section 626.906. Subsequently, in First of Georgia Insurance Co. v. Lloyd, 557 So.2d 138 (Fla. 3d DCA 1990), the Third District held that where a Georgia insurer increased coverage on an insured vehicle and collected an additional premium from the insured, after learning that the insured had moved to Florida, the insurer was subject to service of process under section 626.906. Both of these opinions are short and few facts are given. In neither case does the court say where the policies were issued and delivered.
Three years later, the Third District may have narrowed its Bowman and Lloyd decisions in Hassneh Insurance. Plastigone was a Florida corporation and the distributor of mulch manufactured in Israel by two Israeli companies. The two Israeli companies were insured by Hassneh, also an Israeli company. The insurance policy contained a vendor’s endorsement extending the policy to indemnify Plastigone, which the policy showed as having a Miami address. The mulch was allegedly defective and caused injury to Florida farmers. When Plastigone was sued, it in turn sued Hassneh for indemnity and attempted service under section 626.906. The Third District held that Hassneh could not be reached under section 626.906 because section 626.906 applies only to insurers who issue policies “held by Florida residents which are issued and delivered to them in Florida.” 623 So.2d at 1225. The court also concluded that Hassneh did not have sufficient minimum contacts with Florida “to subject it to in personam jurisdiction without offending traditional notions of fair play and substantial justice.” Id.
We conclude that, under Florida law, an out-of-state insurer’s act of renewing a policy of insurance in Kansas after its agent was informed that the insured was going to be in Florida for a while is not enough to subject the insurer to jurisdiction of Florida courts. Section 626.906 is clearly inapplicable. Even if section 48.193(l)(d) were properly pleaded and its requirements complied with, the fact that Frederick was located in Florida in the instant the policy was renewed will not support in personam jurisdiction over Shelter in Florida’s courts. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989).
REVERSED and REMANDED.
HARRIS, C.J., and W. SHARP, J., concur.

. See Burger King Corp. v. Rudzewicz, All U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

. It is not clear from the record provided us whether Frederick served Shelter "personally,” obtained substituted service under section 626.905, Florida Statutes (1993), both or neither. See Hobbs v. Don Medley Chevrolet, Inc., 642 So.2d 1149, 1155 (Fla. 5th DCA 1994).

. 626.906. Acts constituting Insurance Commissioner and Treasurer as process agent
Any of the following acts in this state, effected by mail or otherwise, by an unauthorized foreign insurer, alien insurer, or person representing or aiding such an insurer is equivalent to and shall constitute an appointment by such insurer or person representing or aiding such insurer of the Insurance Commissioner and Treasurer, and his successor or successors in office, to be its true and lawful attorney, upon whom may be served all lawful process in any action, suit, or proceeding instituted by or on behalf of an insured or beneficiary, arising out of any such contract of insurance; and any such act shall be signification of the insurer’s or person's agreement that such service of process is of the same legal force and validity as personal service of process in this state upon such insurer or person representing or aiding such insurer:
(1) The issuance or delivery of contracts of insurance to residents of this state or to corporations authorized to do business therein;
(2) The solicitation of applications for such contracts;
(3) The collection of premiums, membership fees, assessments, or other considerations for such contracts; or
(4) Any other transaction of insurance.

. 48.193. Acts subjecting person to jurisdiction of courts of state
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
[[Image here]]
(d) Contracting to insure any person, property, or risk located within this state at the time of contracting.

. The lower court appeared to be concerned that Shelter had somehow failed in its burden of proof. Perhaps the court was concerned that if, contrary to its affidavit, Shelter had been told by Ihe agent about Frederick's sojourn in Florida, there would be jurisdiction. For purposes of our opinion, we assume Shelter was bound by the agent's knowledge.